MARYLAND CASUALTY COMPANY v. MALONEY.

Opinion delivered June 28, 1915.

1. EVIDENCE—OBJECTION TO TESTIMONY—WAIVER—PRIVILEGE.—In an action to recover on an accident policy held by deceased, plaintiff, by introducing testimony concerning the cause of the death of deceased, does not waive the right to object to testimony of certain physicians, offered by defendant, as to the cause of the accident.

2. EVIDENCE—PRIVILEGE—WAIVER—FAILURE TO OBJECT—RIGHT TO OBJECT AT SUBSEQUENT TRIAL.—A party litigant does not waive his right to object to the introduction of certain privileged testimony at a second trial of a cause, where he failed to object to the same at the first trial.

3. INSURANCE—ACCIDENT INSURANCE—PENALTY.—In an action on an accident insurance policy, the assessment of the statutory penalty of 12 per cent held proper; the statutory penalty is assessed in addition to interest.

4. INSURANCE — ACCIDENT INSURANCE—ATTORNEY'S FEES.—When the amount recovered on an accident policy was $5,000, the allowance of an attorney's fee of $2,000 will be held excessive, and the fee will be reduced to $500.

Appeal from Drew Circuit Court; *H. W. Wells,* Judge; modified and affirmed.

*Williamson & Williamson,* for appellant.

1. In all blood-poisoning cases caused from without, there must be a chain of causation from the accident to death, which must have its origin in an abrasion of the skin or wound of some kind. 85 Fed. 401; 97 N. W. 91; 11 L. R. A. (N. S.) 1069; 8 *Id.* 68; 5 *Id.* 926. Where there is no abrasion or wound, there is no *septicaemia,* and there can be no recovery. 154 Fed. 484; 11 L. R. A. (N. S.) 1069; 8 *Id.* 68. This was a bed sore case and not covered by the policy. The verdict was based on presumption. Juries are not allowed to speculate as to which of two causes produced the injury. 57 N. W. 169; 116 Ark. 82; 92 U. S. 281, etc.

2. Appellee waived her privilege to exclude the testimony of Drs. Smith and Herbert. When once waived it is waived forever. 111 Ark. 559; 4 Wigmore on Ev., §§ 2380, 3347, 2388; 98 Ark. 357; 103 Ark. 201; 104 N. Y. 352; 165 S. W. 748; 40 Cyc. 2405, (j); 8 A. & E. Ann.

Cas. 653; 59 N. Y. App. Div. 369; 69 N. Y. Supp. 551; 109 Cal. 442.

3. It was error to allow the 12 per cent penalty and attorney's fee is excessive. 111 Ark. 570-1; 88 *Id.* 556; 92 Ark. 378; 155 Fed. 54.

*James C. Knox, Patrick Henry* and *Robert C. Knox,* for appellee.

1. The merits of this case were decided on the former appeal. The court decided the evidence was sufficient, which binds all parties. 99 Ark. 218; 93 *Id.* 168, etc. On application for a directed verdict, the evidence of the opposite party is admitted to be true. 11 How. 373; 24 Atl. 992; 47 N. W. 290; 5 *Id.* 710.

2. There is not two equally probable theories in this case as to the cause. 114 Ark. 112, governs this case. See 107 Ark. 476.

3. Appellee had not lost her right to object to the testimony of Drs. Herbert and Smith. Their testimony was incompetent and a waiver of the privilege on the first trial does not prevent her from claiming it on the second trial. Kirby's Dig., § 3098; 6 L. R. A. (N. S.) 1003; 45 N. W. 977; 59 U. S. (Law Ed.) 210; 156 S. W. 699; 131 Pac. 534; 85 N. E. 837; 71 N. E. 251; 78 Ga. 733, etc.

4. Appellant was not prejudiced by the exclusion of the testimony. 95 Ark. 155; 82 *Id.* 214. Besides it was not competent. 103 Ark. 202.

5. The penalty and attorney's fee were properly allowed. The fees were reasonable—not excessive. The statute allows the penalty and a reasonable attorney's fee.

McCULLOCH, C. J. This is an action to recover upon a policy of accident insurance issued by defendant, Maryland Casualty Company, to Edward S. Maloney, the husband of the plaintiff. It is alleged that plaintiff's husband, while confined to his bed by illness and was being attended by a hired nurse, received an accidental injury to his coccyx bone by the nurse striking it in attempting to place a bed pan under him; that an abrasion of the

skin was caused; and that infection started at the place which produced blood poisoning and that his death resulted from it.

The case has been here once before on the appeal of the plaintiff and we reversed the judgment in defendant's favor and remanded the cause for a new trial. The second trial of the case resulted in a verdict in favor of the plaintiff and defendant has appealed.

On the former appeal the case turned principally on the question whether notice of the accident had been given in compliance with the terms of the policy so as to fix the liability on the insurer, and we held that proper notice had been given. Other questions were, however, decided on the appeal, and one of the questions so decided was that there was sufficient evidence to warrant a recovery in plaintiff's favor. The case was tried upon substantially the same testimony as in the former case, with the exception of the testimony of certain physicians which will be mentioned hereafter. We must therefore treat the question as settled that the evidence adduced is sufficient to warrant recovery by the plaintiff.

The only questions worthy of discussion on the present appeal relate to the ruling of the court upon the admissibility of the testimony of two physicians, or rather the competency of the witnesses and the right of the plaintiff to object to the introduction of such testimony at this trial, having allowed the testimony to go to the jury without objection at the former trial.

The defendant offered the testimony of two physicians who attended the deceased during his last illness and offered to establish by them facts and circumstances which would show that deceased did not receive any accidental injury in the region of the coccyx bone or elsewhere, and that his death resulted from another cause. The same testimony was offered by the defendant at the former trial and was admitted in evidence without objection. It is insisted now that the plaintiff waived the privilege of excluding such testimony. The first ground urged for such waiver is that the plaintiff herself made

an issue as to the cause of her husband's death, and that that gave the defendant the right to introduce any testimony which tended to meet that issue, even testimony of the attending physicians of deceased.

The argument on this point is based principally upon the decision of this court in *National Annuity Association* v. *McCall,* 103 Ark. 201. But the question involved in that case was entirely different from that involved in the present inquiry. In that case the plaintiff, who was the beneficiary in an insurance policy, had received a certain sum of money from the company which was paid by way of compromise of her claim and in satisfaction of the policy. She signed a written release, but attempted at the trial to escape its effects by showing that its execution was procured by fraudulent statements of the attending physician of the deceased concerning the cause of the death of the insured. The plaintiff adduced testimony to the effect that the adjuster of the company induced her to enter into the compromise and execute the release by bringing before her Dr. Pringle, the attending physician of deceased, who, she claimed, made false representations to her concerning the cause of her husband's death. On the trial of that issue the company offered to prove by the testimony of Dr. Pringle that the statements he made to the plaintiff concerning the cause of her husband's death, at the time she executed the release, were true, but the trial court refused to admit the testimony and we held that that constituted error which called for a reversal of the judgment. Our view of the law which formed the basis of that decision was that the plaintiff had herself made an issue as to the truth or falsity of the statement of the physician, and testified concerning the same, which made it necessary for the introduction of the testimony of the physician himself, and that that constituted a waiver of the privilege. In the opinion we said: "The appellee has herself made competent the testimony of this attending physician by claiming that it was upon his statement that she acted in executing the release, the effect of which she

seeks to avoid by reason of the claim that this statement was false. She has therefore required the disclosure by this witness of the cause of her husband's death, and has thereby waived the privilege to object thereto, and her adversary is entitled to the benefit of that waiver."

(1) The principle which controlled in that case has no application here, for the plaintiff had not introduced the physicians, nor had she tendered an issue which made it necessary that they be introduced. The mere fact that she alleged the cause of the accident did not open the way for the introduction of witnesses which it was her privilege under the statute to exclude. There are many of our decisions which are against the view that merely because a right of action is predicated upon an alleged injury of a certain character, the statutory privilege of objecting to the testimony of attending physicians is waived. *M. & N. A. Rd. Co.* v. *Daniels,* 98 Ark. 352; *K. C. So. Ry. Co.* v. *Miller,* 117 Ark. 396.

We said in the former opinion in this case that the testimony was not competent, but called attention to the fact that no objection to its introduction was made in the trial below. Counsel for the defendant insist that it was unnecessary, therefore, to pass upon the question of the competency of the testimony, and that the language of the opinion with reference to that question was *dictum.* There is some force in that suggestion, but the question is now squarely presented, and our conclusion is that the trial court was correct in holding that the plaintiff had not waived the right to object to the testimony by introducing testimony concerning the cause of the death of her husband.

(2) The remaining contention is that plaintiff waived her right to object by allowing the testimony to go to the jury in the former trial. In other words, it is contended that the failure to object to the testimony at the former trial operated as a waiver which was irrevocable, and extended through the further stages of the case. That question is one which is by no means free from doubt; and while it is said in some quarters that the authorities

are overwhelmingly preponderating in favor of the rule that where there is once a waiver it continues through a subsequent trial, we do not find such to be the case. In two case notes reporting the decision of the Missouri Supreme Court in *Elliott* v. *Kansas City,* 198 Mo. 593, where the rule is announced that a waiver in one trial is irrevocable and becomes effective in another trial, the authorities are fully reviewed and it is shown in each of the notes that the authorities on the subject are meager and do not greatly preponderate either way. 6 L. R. A. (N. S.) 1082; 8 Am. & Eng. Ann. Cas. 660.

In the first note referred to above it is said: "There are many cases which hold generally that, where a privilege is once waived, it can not be claimed again at will; and also many cases which hold that it can not be waived in part and claimed in part, or, as has been said, it can not be used as a sword and a shield at the same time. But the cases are fairly evenly divided upon the question whether the waiver of a privilege upon one trial will prevent its being claimed upon a second."

Decisions of the courts of Missouri, New York, Massachusetts, Maine and Indiana tend to support the view that a privilege once waived can not be claimed in a subsequent trial. *Elliott* v. *Kansas City, supra; People* v. *Bloom,* 193 N. Y. 1; *Green* v. *Crapo,* 181 Mass. 55; *Whiting Ex parte,* 110 Me. 232; *P. C., C. & St. Louis Ry. Co.* v. *O'Conner,* 171 Ind. 686.

The reasons given for this view of the law are not found to be harmonious in the cases which adhere to it, nor do all of those cases announce a rule which would apply in the case now before us. In some of the cases the plaintiff had at the former trial introduced the witness whose testimony was privileged, and it was held that that constituted a waiver which could not be withdrawn at a subsequent trial. The New York court, in the case cited, held that even where the former testimony was given in another trial, the privilege could not be withdrawn. That was a criminal case where the accused was being prosecuted for the crime of perjury alleged to have been com-

mitted in a civil case, and it was held that because he allowed the privileged testimony to go to the jury in the civil case he had waived the privilege and could not renew it in the criminal case. There are several New York cases, and the thought seems to run through them all that the principle involved was that the statutory privilege was intended as a shield, and could not be converted into a sword by taking advantage of the privilege after having once waived it for the purpose of making use of the testimony. That principle has no application to the facts of the present case for the reason that the plaintiff did not introduce the testimony, and merely failed to object either through inadvertence or indifference. The New York court in an early case laid down the contrary rule by holding that where a party had waived the privilege at one trial, he could claim it at a new trial in the same case. *Gratton* v. *Insurance Company,* 92 N. Y. 274. The other view of it was taken in the subsequent cases without expressly overruling the *Gratton* case. Professor Wigmore shows very plainly that he has scant patience with the statutory rule establishing the privilege, and he rather vehemently insists that it should be restricted as far as possible, and that when once waived under any circumstances, the privilege can not be reclaimed. 4 Wigmore on Evidence, section 2380 *et seq.*

Another basis for the decisions in support of that view is that the sole purpose of the statute is to provide for secrecy concerning those matters which are intended to be confidential, and that when once the facts are published to the world, the reason for preventing further disclosures has ceased. We have said in some cases that the statute was enacted "as a matter of public policy to prevent physicians from disclosing to the world the infirmities of their patients." *Mutual Life Ins. Co.* v. *Owen,* 111 Ark. 554. That is undoubtedly a correct statement, but it is not a complete one, for the statute itself relates entirely to introduction of evidence, and not to disclosures in any other way; and the mere fact that the world may have the information does not abrogate the right of a

party in whose favor the privilege exists to claim protection from disclosure in the trial of rights before a court or jury. *Arizona & New Mexico Ry. Co.* v. *Clark,* 235 U. S. 669. The statute is wholly ineffectual to prevent a public disclosure, but it can be enforced so far as preventing the violation of such a privilege by an attempt to improperly disclose testimony at a trial of an action, and such is the purpose of the statute, though it is correct to say that it was prompted by the policy which encourages such confidential relations as between physician and patient and forbids the disclosure of the same.

We think the sounder view is that the mere fact that testimony has been given at a former trial does not necessarily constitute a waiver which is irrevocable at a subsequent trial of the cause. In this view of the matter, we are influenced not only by what seems to us to be the better reason, but by the well considered opinions of other courts. *Briesenmeister* v. *Supreme Lodge Knights of Pythias,* 81 Mich. 525; *Burgess* v. *Sims Drug Co.,* 114 Ia. 275.

In the Iowa case cited above, Mr. Justice McClain, speaking for the court, said: "As to the testimony at the former trial, it seems to us that the waiver resulting therefrom should be confined to the trial in which the waiver is made. Our statute relates to the giving of testimony, not to the publication in general of the privileged matter, and it seems to us clear that any waiver resulting from the giving or introduction of testimony on a trial should be limited to that trial." In the same case, the court, in declining to follow the New York cases, said: "We do not agree to the reasoning in that case, which would seem to lead to the result that, if the privileged communication is in any way made public by the patient, the privilege is waived for all time, whereas we understand to be well settled that a communication to a third person by the patient or client will not be a waiver of the right to insist on the privilege when it is sought to have the disclosure made by the way of testimony in open court."

We do not mean to lay down the rule unqualifiedly that waivers made under all circumstances may be withdrawn, for there may be cases in which an element of estoppel appears, which would prevent the withdrawal. We do not even find it necessary to decide that the waiver may be withdrawn where the party in whose favor it exists has, at a former trial, introduced the testimony of the witness; nor do we hold that the waiver may be withdrawn if it is shown that the other party has been misled by a failure at a former trial to object to the testimony. No such element appears in the present case, and we are of the opinion that the better view of it is that simply a failure to object at a former trial does not constitute an irrevocable waiver of the privilege.

(3) It is also contended that the court erred in allowing a penalty of 12 per cent. under the statute in addition to interest at the legal rate, and that the amount of attorney's fee allowed by the court under the terms of the statute is excessive. We are of the opinion that there was no error in assessing a penalty of 12 per cent., for that is strictly in accordance with the statute. The penalty does not take the place of interest, but it is in addition thereto.

(4) But we think the allowance made by the court for attorney's fees is clearly excessive. The amount of the policy was $5,000, and the court allowed a fee of $2,-000. In the case of *Mutual Life Insurance Co.* v. *Owen, supra,* we decided that an allowance of $2,000 as attorney's fee was excessive, where the suit was to recover on a policy for $10,000, and in disposing of the matter, we quoted from *Merchants Fire Ins. Co.* v. *McAdams,* 88 Ark. 550, where we said that the fee authorized by the statute contemplated "such a fee as would be reasonable for a litigant to pay his attorney for prosecuting the case, and not a speculative or contingent fee based upon the uncertainty of the result of the litigation." To this ought to be added the statement that it is not expected that a plaintiff should be allowed a fee based upon multiplicity of counsel, as it was not intended by the law-makers to authorize the penalizing of an insurance company by requiring payment

of the fees of as many attorneys as the plaintiff may see fit to employ. The purpose of the statute was to require the recalcitrant company to pay the amount necessarily expended in procuring counsel to prosecute the case. We think that a fee of $500 is sufficient to allow in the present case, and the judgment will be reduced to that extent.

In all other respects the judgment will be affirmed.