**DAVIS et al.' v. TEXAS CO.   (No. 1586.)**

(Court of Civil Appeals of Texas. El Paso.
April 17, 1924. Rehearing Denied
May 8, 1924.)

**1. Gas ⊙══18 — Failure to keep competent workmen to keep regulators in repair not proximate cause of fire.**

In action against gas company for damages for loss of plaintiff's house by fire, while it may have been negligence for defendant not to keep competent workmen to keep regulators in repair, where such failure resulted only in insufficient flow of gas to meet demands of users, it was not proximate cause of the fire.

**2. Gas ⊙══18—Act of independent third party held proximate cause of fire.**

No liability against defendant gas company was shown where direct and proximate cause of fire in plaintiff's house. was caused by act of independent third party who attempted to adjust regulator levers in the regulator house, for which defendant was not responsible.

**3. Gas ⊙══20(2)—Res ipsa loquitur inapplicable where cause pleaded.**

In action against gas company for damages for loss of plaintiff's house by fire, where cause of gas explosion was pleaded and proved, principle of res ipsa loquitur is inapplicable.

**4. Negligence ⊙══119(1)—Specific acts alleged must be proved.**

Where plaintiff rests his case on specific acts of negligence it is incumbent on him to prove acts charged.

Appeal from District Court, Callahan County; W. R. Ely, Judge.

Action by S. M. Davis and another against the Texas Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellants.

H. S. Garrett, of Fort Worth (J. G. Mc-Grady, of El Paso, of counsel on submission in Court of Civil Appeals), for appellee.

**Statement of the Nature and Result of Suit.**

HARPER, C. J. This is a suit by S. M. Davis and the Republic Insurance Company of Texas, plaintiffs, against the Texas Company, defendant, for damages on account of the alleged negligence of the defendant in the control and distribution of natural gas sold and conveyed by the defendant to the plaintiff S. M. Davis through certain gas pipes in the town of Putnam. It was alleged that the defendant had the exclusive management and control of the supply and distribution of said gas, and that it was its duty to reduce the pressure of the same through its main line before distributing same through the service pipes which supplied the plaintiff Davis' house, and that it was its duty to put in operation and keep in repair suitable appliances and machinery and regulators for reducing the pressure of said gas and to keep said machinery properly housed and protected from intermeddlers; that said regulators were insufficiently housed, having a door with an insufficient lock that might be easily removed and permit intermeddlers to meddle with the machinery in said building; that the regulator house was destroyed by fire, which damaged the regulators and caused an unusual and extraordinary pressure in the service pipes of the defendant, one of which extended into plaintiff Davis' house, and that the extra pressure caused a lighted stove in said residence to flare up and explode, setting fire to said house, and destroyed the same and the contents thereof.

It was further alleged that it was the duty of the defendant to exercise proper care and supervision over the regulators, appliances and machinery and to have employed competent watchmen to overlook and watch said regulators; that the gas regulators were liable to be frozen in cold weather and get out of order and the defendant negligently failed to look after and examine said gas regulators, and to see that same was kept in proper working order, and that on the morning of the fire the regulators had been out of order, and the defendant negligently failed to have on hand experienced and competent workmen to repair and regulate same gas regulators, which negligence was the proximate cause of the burning of said residence.

It was alleged that the house and contents were of the value of $4.928.50, and that the plaintiff, the Republic Insurance Company, at said time had a fire insurance policy on said house for the sum of $1,500, whereby they were compelled to pay said plaintiff Davis said sum, and under its agreement with defendant said insurance company became subrogated to the rights of the said Davis against the defendant. The plaintiffs prayed judgment for $1,500 in favor of the insurance company and $3,428.50 in favor of the said S. M. Davis.

The defendant answered by general demurrer and general denial, plea of contributory negligence on the part of plaintiff S. M. Davis, and a plea that the said S. M. Davis in his application to the assignor of the defendant to furnish natural gas had executed a written release of the defendant from all liability for damages which might be caused by said gas.

The special issues submitted and the jury's answers are as follows:`

"This case will be submitted to you in the form of questions to be answered by you under the directions of the court from which said answers the court will be governed in rendering judgment herein.

"Question No. 1: Did the Texas Company fail to have the regulators at Putnam housed in a safe and secure building? Answer: No.

"Question No. 2: Was the regulator house

unlocked on the day of the fire and at the time of the fire? Answer: No.

"Question No. 3: Did the Texas Company at the time of the fire have in their employ at Putnam, Tex., competent workmen and employés whose duty it was to regulate and keep in repair said regulators? Answer: No.

"Question No. 4: Were the regulators at Putnam in working condition and performing their usual and customary functions on the morning of the fire and at and prior to the time certain parties entered the regulator house? Answer: No."

"Question No. 7: If you have answered question No. 3 'No,' then was such failure on the part of the defendant negligence on the part of the defendant as negligence is hereinafter defined to you? Answer: No.

"Question No. 8: If you have answered No. 4 'No,' then was such failure of the regulators to be in working condition and performing their usual and customary functions negligence on the part of the defendant as negligence is hereinafter defined to you? Answer: No."

The fourth proposition is:

"The court erred in rendering judgment for the defendant herein on the verdict of the jury for the reason that their answers to the issues submitted are conflicting and a judgment could not properly be based thereon in this: (a) They answered question No. 3 that the Texas Company did not have at the time of the fire in their employ at Putnam, Tex., competent workmen and employees whose duty it was to regulate and keep in repair said regulators, which constituted negligence on the part of the defendant as a matter of law; and the said jury answered in their answer to question No. 7 that such was not negligence. (b) The said jury answered question No. 4 that the regulators at Putnam, Tex., were not in working condition and performing their usual and customary functions on the morning of the fire and at and prior to the time certain parties entered the regulator house; and in their answer to question No. 8 they answered that the failure to have such regulators in working condition was not negligence on the part of the defendant."

Upon these answers judgment was entered for defendant. Appealed.

The defendant was selling and delivering through pipe lines natural gas to the inhabitants of the town of Putnam. At a point near the home of plaintiff a condenser or regulator was installed, and housed in a corrugated iron house, with a padlock on the door. On the morning of January 6, 1922, the weather was very cold, and the gas pressure was insufficient for the residents of the town to have proper fires to keep them warm, whereupon one Shackelford called up the main office of the company by telephone, and reported the fact of an insufficient supply of gas, and in reply some person, identity not revealed, answered that a certain person knew how to fix it. Two men standing by heard the conversation, and one of them asserted that he knew how to do it, and Shackelford said to him, "Why don't you go over and fix it?" Whereupon one of them got

a hammer and a screw driver and the two proceeded to the house containing the regulator, found the door closed and a padlock on it, which was closed, if not locked, so by placing the screw driver in it and giving it a little jerk the padlock came open. They then entered, struck matches, set fire to some gas leaking from some part of the machinery, blew it out, etc.—as described by the witness:

"I turned around and looked over there at the wall; * *. * he worked a lever or something, and I suppose it broke the ice loose out of the valve, and the gas pressure went on through the line; it made a noise; it scared me, and I got out of there right away."

They then closed the door and went back to the shop. A short time afterwards the house was observed to be on fire. The testimony shows that the diaphram was burned out, and as a consequence the full pressure of gas was thrown into the service pipes; as a further result the flames in stoves were caused to increase and flare up. At about this time the plaintiff's heating stove exploded and set his house on fire, and it was burned to the ground.

[1] It seems clear that there is no conflict in the findings in view of these facts. Whilst it may have been negligence for the company not to keep competent workmen to keep the regulators in repair, it is apparent that such failure was not the proximate cause of this explosion and fire, such failure at most only resulted in an insufficient flow of gas to meet the demands of the users, and this did not cause the fire, and these observations apply to the fourth finding.

[2] The direct and proximate cause of this fire was the act of the independent third party for which the company was in no wise responsible. There is no contention here that they were the agents or employés of the company, but were trespassers. McKenna v. Bridgwater Gas Co., 193 Pa. 633, 45 Atl. 52, 47 L. R. A. 790.

The trial court gave the following special charge at the request of defendant:

"You are instructed that Mr. F. B. Shackelford was not authorized by the Texas Company to instruct W. G. Ingram (or Bill Ingram) or Ed Robinson to go to the regulator house and see if the gas could be regulated. You are therefore further instructed that, if you should find and believe that Mr. F. B. Shackelford did tell W. G. Ingram or Ed Robinson to go to the regulator house and see if the gas could be regulated, and that in compliance with such instructions Ingram and Robinson did go to the regulator house and enter it and regulate or attempt to regulate the gas, yet such acts upon their part were unauthorized by the Texas Company, and you cannot consider the same as showing any liability upon the part of the Texas Company for the fire which burned the residence of the plaintiff S. M. Davis."

This is assigned as error because upon the weight of the evidence. This is true, and, in effect, was a charge to find for the de-

fendant, which the court should have given under the undisputed facts.

There was no question of fact to be submitted to the jury as contended in the second and third propositions.

[3] Appellant argues that the principle known as res ipsa loquitur applies, but it has no application here, for the reason that the cause of the explosion was pleaded and proven, and the jury have found that the appellee was not negligent in any respect which contributed thereto, and the undisputed evidence supports this finding.

[4] Besides the appellant rested his case upon specific acts of negligence, and it was incumbent upon him to prove the acts of negligence charged. Cecil & Co. v. Stamford Gas Co., 242 S. W. 536.

. Believing that no error has been presented, the cause is affirmed.

---

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes