STATEMENT BY THE COURT.
This suit involves the liability of appellant, Missouri State Life Insurance Company, under two certificates of insurance issued to appellee, Frank B. Withers, under two group policies covering employees of the Missouri Pacific Railroad Company.
One of the certificates indemnifies the appellee against loss of time by sickness not exceeding 26 consecutive *Page 1131 
weeks; another certificate indemnifies him against total and permanent disability caused by bodily disease.
Appellant insurance company on October 1, 1927, issued to the Missouri Pacific Railroad Company, appellee's employer, three group policies of insurance covering the employees of the railroad company, all of said policies being of the type or plan known as group industrial insurance. The group or master policies were delivered by the insurance company to the railroad company. Individual certificates only were delivered to the employees, and the group or master policies were kept by the railroad company at its home office in St. Louis, Missouri, where the individual employees of the railroad company had no opportunity to examine either of them or acquaint themselves with their provisions.
One of the group policies, SAH-534, was a health and accident insurance policy paying indemnity for not exceeding 26 consecutive weeks for disability caused either by sickness or injury. Another of the said policies, G-2377, was a life insurance contract with a clause awarding indemnity against total and permanent disability caused by either bodily injury or disease. The third policy, ADD-501, was an accident insurance policy providing indemnity for accidental death, dismemberment or loss of sight, and no claim is made under this policy.
At the time these policies were issued, appellee, Frank B. Withers, was employed by the railroad company in its North Little Rock shops as the operator of a machine in the planing mill. On October 4, 1927, appellant issued to the appellee three separate individual certificates under the three group policies of industrial insurance under an arrangement between the insurance company and the railroad company, appellee's employer. The premiums for said certificates were deducted from the appellee's wages, and paid by the railroad company to the insurance company monthly. The group or master policy provides that, if the employee terminated his employment with his employer, the premium could be paid direct to the insurance company by the employee.
Appellee, after he became disabled on December 15, 1930, paid his premiums directly to the appellant company *Page 1132 
until February 1, 1931, after which date appellee did not pay any more premiums on the certificates issued to him.
The certificate issued appellee under group policy SAH-534 provided indemnity in case of disability by reason of accident or illness at the rate of $15 per week for a period not exceeding 26 consecutive weeks. Under this certificate indemnity was not to be paid for the first seven days of the disability. The certificate of insurance issued under said group policy contained the following clause with respect to the payment of disability benefits:
"Frank B. Withers, while and employee of the employer, and during the continuance of said policy, shall, in the manner therein provided, be indemnified:
"Sickness (b). in the sum of fifteen dollars per week for the period of disability during which he shall be wholly and continuously disabled and prevented by bodily disease from performing any and every kind of duty pertaining to his occupation, but no payment shall be made for the first seven (7) days, or for more than twenty-six consecutive weeks of such disability, or for disability resulting from any disease for which he is not treated by a physician."
This certificate did not contain any provision as to the time or manner in which notice of the injury or illness, for which disability was claimed, should be given; and no provision was made therein relative to the time, or manner in which proof of disability was required to be furnished. Said policy, however, contains a provision requiring "immediate written notice" to be given appellant insurance company by the employer, Missouri Pacific Railroad Company, of any accident or illness for which claim shall be made. This notice was not required to be given by the insured employee, the only condition of said policy requiring notice to be given is as follows:
"5. * * * Immediate written notice, with full particulars and full name and address of the insured employee, shall be given by the employer to the company of any accident, injury or sickness for which claim shall he made." There is no provision in the policy or certificate *Page 1133 
forfeiting the light to make a claim for failure either to give notice or furnish proof of disability.
The certificate issued under group policy G-2377 provided for the payment of $2,000 in case of death of the insured with a like amount for total and permanent disability benefits. This certificate contained the following clause with reference to the payment of disability benefits:
"Total and Permanent Disability Benefits.
"If the employee shall furnish the company with due proof that, before having attained the age of sixty years, he or she has become totally and permanently disabled by bodily injury or disease, and that he or she is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, and that he or she has been so permanently and totally disabled for a period of six months, the company will immediately pay to the employee in full settlement of all obligations hereunder, the amount of insurance in force hereunder on the employee at the time of the approval by the company of the proofs aforesaid. This amount will be paid either in one sum or in installments as hereinafter provided."
The certificate issued under this policy did not contain any provision as to notice nor as to the time when or the manner in which proof of disability should be furnished; and neither does the master policy contain any such provision. Neither contain provisions for forfeiture of the right to make a claim for failure to make proof of disability.
Appellee had no information of the time or manner of giving notice or furnishing proof of disability under either of the two policies involved. The insurance company furnished blank forms to the railroad company for use by insured employees in filing claims for disability benefits on certificates issued to them under the group policies, and the employees were instructed to apply to Mr. Metcalf of the railroad company for blanks.
It appears that appellee, prior to December 15, 1930, was in bad health, and on that day suffered an illness *Page 1134 
caused by "emphysema and pleurisy, with adhesions, tuberculosis, deafness, dyspnoea and heart trouble, which during all the time thereafter totally disabled him." After he had recovered sufficiently to get about, he applied as instructed, first, to Mr. Metcalf, of the railroad company, for blanks to be used in filing a claim for disability benefits on the certificate issued under group policy SAH-534. This was about March 1, 1931, appellee, having been in since December 15, 1930, and confined to his bed under the constant care of his physician. Metcalf, acting for the appellant, refused to furnish appellee blanks, and informed him the certificate had lapsed, and he could receive no benefits thereunder. After he received this information, appellee paid no further premiums. Appellee consulted attorneys after being told that the certificates had lapsed, and blank forms for submitting proof of disability were acquired by his attorneys, disability proof was properly made and delivered to Mr. Metcalf, who sent same to the home office.
After a reasonable time had passed without answer, the attorneys wrote directly to the claim department of appellant, requesting action on the claim, and on September 5th received a written denial of liability, the claim being rejected on the ground that appellee was not totally and permanently disabled. Suit was filed in the Southern District of the Arkansas County Circuit Court, appellee having moved down there for financial reasons, to the farm of his wife's mother located in that district.
The complaint alleged the issuance and delivery of the certificates, payment of premiums, occurrence of disability, the giving of notice and furnishing of proof of disability, and the performance of all the conditions of the certificates on the part of appellee. The answer denied all the allegations of the complaint.
Trial was had before a jury, and a verdict was rendered in favor of appellee for the amount claimed and sued for under each certificate; the statutory penalty and attorney's fees were also awarded, and this appeal is from the judgment thereon.
(after stating the facts). The opinion in Missouri State Life Ins. Co. v. Foster, ante p. ___, written by our learned Chief Justice in a like case, handed down this date, is controlling in all respects herein.
The policies and certificates of insurance herein do not, by express terms or by implication, make the giving of notice of the disability a condition precedent to the right of recovery; and, as said in the Foster case, supra: "We are definitely committed to the doctrine that liability attaches under contracts of insurance similar to the one under consideration upon causation of the injury, and it necessarily follows from this that no subsequent act or acts of the parties can destroy the liability thus created. Notice was not made a condition precedent to the right of recovery under the certificate and policy here under consideration, therefore a suit may be brought and maintained within the statutory period of limitations. Forfeitures cannot and should not be declared when the rights of parties have become vested; therefore the payment or nonpayment of premium his subsequent to the causation of the injury is immaterial."
When the premiums became due on these certificates, for the nonpayment of which they were attempted to be forfeited, the appellant company had in its possession sufficient funds belonging to the appellee under said contracts to have paid the premiums, if it had been so applied, and, such being the case, the insurer was bound to apply such funds in its possession to avoid a forfeiture. Mo. State Life Ins. Co. v. Foster, ante p. 1116, and cases there cited.
On the whole case, we find no prejudicial error in he record, and, said case being controlled by the Foster case, supra, the judgment is affirmed. *Page 1136