FEDERAL LIFE INSURANCE COMPANY *v.* PEARROW.

4-4030

Opinion delivered November 4, 1935.

598

*Carmichael & Hendricks,* for appellant.
*H. B. Mixon,* for appellee.

BAKER, J. Chicago Life Insurance Company issued a policy of insurance in January, 1906, insuring the life of Putnam S. Box. This policy was issued upon what is generally called a "twenty-year-payment plan." Box paid his last premium in January, 1926, and the policy was then paid up. Sometime after the issuance of the said policy, the Federal Life Insurance Company took over this particular policy, and perhaps the entire business of the Chicago Life Insurance Company. Sometime during this twenty-year period Box began to borrow money from the insurance company, borrowing the accumulated loan values, and pledging the policy for payment. At the time his policy was paid up he had borrowed, and there was owing to the company $428. Upon this he had agreed to pay 5 per cent. interest per annum. At the time he borrowed the money, or at least when the last loan agreement was signed, this provision became a part of the loan agreement: "Whenever the total indebtedness against said policy is equal to or in excess of the loan value thereof, the said company shall have the right to forfeit and cancel said policy upon thirty days' written notice."

After the maturity of the policy, by the payment of the full number of premiums required, the insurance company sent frequent notices to the last known address of the said Box, requesting him to pay up his interest, and advising that, upon failure to do so, his policy would lapse, in accordance with the above-quoted provision of

the policy, whenever the indebtedness was equal to or exceeded the loan value. For some reason these notices were never delivered to Box, but were returned to the office of the insurance company. This condition continued, although notices were sent at intervals, until September 24, 1934, at which timê, we are advised, the indebtedness was equal to the full loan value upon the policy. Thereafter, notices were sent at frequent intervals requesting the insured to pay the accumulated interest, but no answer was received. However, shortly after the date the policy was paid up, on January 24, 1926, the insurance company received a letter from D. S. Plummer, an attorney, who stated that Mr. Box understood that at the end of the twenty-year period he would be entitled to $428 in cash, plus dividends of $245, and that he would have a $1,000 paid-up policy. The insurance company, by letter to Mr. Plummer, advised that the insured had borrowed $428, so he could not get any more, and that his policy would be paid up, subject to the loan, provided the insured paid up the interest. Perhaps this may be said to have been the nearest approach to contact with Box for several years after the maturity date.

Box had lived at Aubrey, Arkansas, and the last letter the company received from him, or his representative, was received from that place in January, 1927. The company answered under date of February 2d. Another letter was written by the company on March 17, 1930, in which the company requested the insured to pay his interest. Another letter was written to the same effect on April 1, 1930, and another on April 15th.

These interest accruals were charged, in addition to the amount of the loan, against the loan value of the policy. This was done again in January, 1931. The indebtedness had increased to $487.

In 1933, the company sent another notice showing the accumulated interest. This had increased the indebtedness from $474.23 to $497.96. The loan value of the policy had increased to $508.

In January, 1934, the company sent Mr. Box a notice stating that there was then due $24.90, the payment of

which would carry the policy up to January 24, 1935. Mr. Box did not pay this $24.90. The notice was returned undelivered. On March 19, 1934, the accumulated unused loan value of the policy was used to pay interest to September 24, 1934. This increased the indebtedness to $515.50, as of September 24, 1934, and that was the full loan value of the policy, that is to say, the indebtedness at that time equaled the full policy reserve held by the company upon that policy.

Again in September, the company sent another notice advising that an interest payment of $8.59 was due to carry the policy from September 24, 1934, to January 24, 1935. There was no response to this notice. Thereafter, on November 13, 1934, the company sent a letter to the insured at Aubrey, Arkansas, the last known address, advising the insured that, as the loan outstanding against his policy had not been paid or the interest thereon, his policy had been lapsed.

The insured died on the 23d of November, 1934, at Brickey, Arkansas. The policy was payable to his estate. Pearrow was appointed administrator of the estate and sued to recover $1,000, less the indebtedness. The first matter to be determined is the proposition of the lapsing of the policy. Did the policy lapse automatically upon the failure of the insured to pay interest at such time as the indebtedness equaled the loan value of the policy, or was there yet something to be done by the insurance company before forfeiture would be effective?

Let it be stated in the beginning of our discussion that the facts in this case were stipulated, and that there is no controversy in regard thereto. The matter is one of interpreting the meaning of the provision in the policy which we have hereinbefore quoted. It is not a question of the power or right of the insurance company to cancel the policy, under the conditions shown. We must determine whether or not the policy was in fact lapsed or cancelled.

Referring to the quoted provision of the policy, we find the parties expressly contracted that the company should have the right to forfeit and cancel the policy when the total indebtedness was equal to or in excess of

the loan value. If that were all that is set forth in the quoted provision, then the appellant company would be correct in its contention that there was a lapse, but that is not all of the provision. It also provides: "The said company shall have the right to forfeit and cancel said policy upon thirty days' written notice." The insurer must first act to cancel or forfeit the policy, if it is so desired. It might waive or defer, for a time, the forfeiture it had the power and right to enforce. It did defer or delay the forfeiture or lapse for a time. It could not cancel by giving less than thirty days' written notice. It gave the notice on November 13, 1934, and ten days later Box died. Had it given the notice so that the full thirty days would have expired prior to Box's death, to the effect that it had cancelled the policy, it would have been entirely within its rights, and would have been acting in full accord with the provisions of the contract.

It is insisted that every effort had been made to give Box notice for several years, and that he had never received any of the notices, and that, therefore, if the company had sent notice immediately after September 24, 1934, at the period when the indebtedness equaled the loan value, Box would not have received it. That is a fair presumption and most probably is a correct statement. However, we do not know that this is absolutely true. At any rate the company did not do that. It preferred not to lapse the policy, and had made every effort for a number of years to reach Box, in order to induce him to continue the payments of interest upon his indebtedness, and even in September, 1934, sent him notice advising that if he would pay $8.59 upon his interest, it would carry his policy to January 24, 1935. It was not within the terms or provisions of the contract that it should lapse of itself. The provision was that the insurance company had the power and the right to lapse and forfeit the policy, and it was unwilling to exercise that power until November 13, 1934. Had Box lived for thirty days after this notice was sent, the forfeiture would have been complete, and Box's estate would have been without right of recovery. We are unwilling to read into the policy a forfeiture which was not expressly

provided by the contract. In fact forfeitures are not favored. *Missouri State Life Ins. Co.* v. *Fostor,* 188 Ark. 1116, 69 S. W. (2d) 869. Above case followed in *Missouri State Life Ins. Co.* v. *Withers,* 188 Ark. 1130, 69 S. W. (2d) 872; *Home Life Ins. Co.* v. *Ward,* 189 Ark. 793, 75 S. W. (2d) 379.

The only other question open for discussion is whether the insurance company became liable for the 12 per cent. penalty and the attorney's fee, as fixed by the court. The contention is made that the administrator was suing for a small amount more than he was entitled to recover. There was a mistake in the calculation, or a failure to compute interest for a short period, that made a discrepancy of about $3. It is certain, however, plaintiff sued for the $1,000, face of the policy, less the amount of the indebtedness due by the estate of Box to the insurance company. This was what his complaint called for. He was entitled to that amount. The appellant relies upon this error as a reason why it should not be taxed with the penalty and attorney's fee. This might readily have been corrected had the appellant called the attention of the trial court to the facts, or had the attention of counsel for appellee been called to it. The matter is one of demonstrable error, of little practicable importance or effect, and not an effort to recover a greater amount than was actually provided for in the policy itself. In fact, there is nothing in the policy, as abstracted, providing for the payment of interest, which was charged against the proceeds of this policy. The interest owing was upon a separate loan contract. It was connected with the policy only because the policy was security for repayment of the loan.

It cannot be said that the appellee sought a recovery for any greater amount than was actually due, the full face value of the policy less the indebtedness, owing to the company, in accordance with the loan agreement. There was a denial of any liability.

Therefore the appellee had the right to recover the penalty and the attorney's fee. *Home Life Ins. Co.* v. *Ward,* 189 Ark. 793, 75 S. W. (2d) 379; *Security Life Ins. Co.* v. *Smith,* 183 Ark. 254, 35 S. W. (2d) 581; *Na-*

*tional Union Fire Ins. Co.* v. *Bynum,* 183 Ark. 1100, 40 S. W. (2d) 446.

The judgment is affirmed.