COMMERCIAL UNION ASSURANCE COMPANY *v.* LEFTWICH.

4-4032

Opinion delivered November 11, 1935.

*John E. Coates, Jr.,* for appellant.

*Evans & Evans,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for 12 per cent. penalty and attorney's fee rendered under § 6155 of Crawford & Moses' Digest against appellant in favor of appellee in the circuit court of Logan County, Southern District. The suit was based upon a fire insurance policy covering appellee's cotton in the sum of $2,500, less the amount of the premium due there-

on. When appellee made proof of the loss, appellant denied any liability under the policy by letter, the concluding paragraph being as follows: "The companies interested therefore feel that no contract was legally entered into and cannot accept any liability under their policies of insurance. The letter was written December 11, 1934, and suit was instituted on the 11th day of January, 1935.

The case was set for hearing on April 8, 1935, at which time appellant tendered the face value of the policy, plus interest and costs, less the premium which appellee owed it, in full settlement of the claim under the policy. Appellee refused to accept the tender in full settlement, claiming that he had been compelled to employ an attorney and bring the suit to collect what appellant owed him, and that, in addition to the amount tendered him, he was entitled to recover a 12 per cent. penalty and a reasonable attorney's fee under § 6155 of Crawford & Moses' Digest; whereupon counsel for the parties agreed in open court that the acceptance of the tender should not affect or prejudice the rights of either party in respect to the claim for the penalty and attorney's fee. The tender was accepted on this condition, and the issue left open was tried with the above result.

The only question therefore for determination on this appeal is whether an insurer can escape liability to the insured for the statutory penalty and attorney's fee by making a tender of the face of the policy, plus interest and costs, less the unpaid premium, after first denying liability and compelling the insured to bring a suit to collect the amount due upon the policy.

Section 6155 of Crawford & Moses' Digest is as follows: "In all cases where loss occurs, and the fire, life, health, or accident insurance company liable therefor, shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of such loss, 12 per cent. damages upon the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of said

loss; said attorney's fee to be taxed by the court where the same is heard on original action by appeal or otherwise, and to be taxed up as a part of the costs therein and collected as other costs are or may be by law collected."

This court, in the case of *Pacific Mutual Life Insurance Company* v. *Carter*, 92 Ark. 378, 123 S. W. 384, in speaking of the purpose of the act, said: "The penalty and attorney's fee is for the benefit of the one who is only seeking to recover after demand what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it."

This court also said, in the case of *Bronx Fire Insurance Company* v. *Cooper,* 187 Ark. 93, 58 S. W. (2d) 678, that: "The failure of the insurance company to pay the amount of the loss within the time specified in the policy after demand subjected it to the payment of attorney's fees upon the recovery under the policy, and it can make no difference in its liability to the payment of such penalty and costs that it failed to comply with and pay the loss when demanded, because the policyholder was indebted to the insurance company in a matter which could be set off against the insured's claim of loss under the policy, that furnishing no justification for failure to pay the loss within the time specified in the policy, and not relieving against the penalty of the statute."

The act is unambiguous and means that 12 per cent. is given as damages for failure to comply with the contract by payment and the attorney's fee as compensation for the cost of collection.

The facts in the instant case bring it well within the meaning of the statute. It is undisputed that appellant denied any liability on the policy and refused to pay the debt until the date of trial. The employment of an attorney and the institution of the suit was necessary to collect the debt.

It is next contended that the allowance of $200 as an attorney's fee was excessive. We do not think so, considering the amount involved, the investigation of the law, the filing of the suit, and the preparation for trial.

No error appearing, the judgment is affirmed.