### ALLSTATE INSURANCE COMPANY *v.* LANIE SUE ORMAND ET AL

5-5928                                  480 S.W. 2d 939

Opinion delivered June 5, 1972

*Atchley, Russell, Hutchinson & Waldrop,* by: *Victor Hlavinka,* for appellant.

*Young & Patton,* for appellees.

CONLEY BYRD, Justice. In an action on an uninsured motorist policy issued by appellant Allstate Insurance Company the jury found the damages of Lanie Sue Ormond to be $10,000 and those of her minor son to be $300. The trial court added the statutory penalty and attorney's fee to the $10,000 awarded Mrs. Ormond. For reversal Allstate contends that there was no competent evidence to support a finding that the hit and run driver was uninsured; that the trial court failed to properly submit to the jury the question of whether the hit and run driver was an uninsured motorist; and that, this being an action against a policy issued and maturing in Texas, the trial court erred in assessing the penalty and attorney's fee pursuant to Ark. Stat. Ann. Sec. 66-3238.

On the last point we agree with appellant. The record shows that the policy was issued in Texas to a Texas

resident and that it matured in Texas. While the trial court may have been misled by the language in *New Empire Life* v. *Bowling*, 241 Ark. 1051, 411 S.W. 2d 863 (1967), a careful review of our cases shows that the statutory penalty and attorney's fee have been allowed in only those cases having a connection with the State of Arkansas. For instance in the *Bowling* case, *supra,* the policy was solicited in Arkansas, and in *Aetna Casualty & Surety Co.* v. *Simpson,* 228 Ark. 157, 306 S.W. 2d 117 (1957), the policy matured in Arkansas. Other cases hold that the penalty cannot be assessed on a policy issued in another state, and maturing outside the State of Arkansas. See *Inter-Ocean Casualty Company* v. *Warfield,* 173 Ark. 287, 262 S.W. 129 (1927).

On the first two contentions, we find that appellant, having admitted that the hit and run driver was an uninsured motorist, is not in a position to complain of the alleged errors. The record shows the following:

"MR. PATTON: Plaintiffs' Exhibit 2, which I also understand Mr. Edwards won't object to, is the original of a letter I received from Allstate Insurance Company. I offer that into evidence.

"MR. EDWARDS: The only objection we have is assuming that the case for the jury is a liability question. It's a damage question."

The letter referred to, after reserving the right of Allstate to set up any and all defenses of non-coverage, stated:

"We are making this reservation of rights because of your filing of this lawsuit against Allstate Insurance Company in Arkansas, thus preventing the Allstate Insurance Company from joining the Uninsured Motorist to protect its subrogation rights in violation of Policy Condition No. 5."

As we construe this letter together with the course of conduct of the parties at the time of its introduction,

it constitutes an admission by Allstate that the hit and run driver was an Uninsured Motorist. Consequently the alleged error of the court in failing to properly instruct the jury could not be prejudicial error.

The judgment is affirmed in so far as it awarded a judgment on the policy. That part of the judgment assessing penalty and attorney's fee is reversed.

Affirmed in part and reversed in part.