USAA LIFE INSURANCE COMPANY *v.* Sam H.
BOYCE, Administrator of the Estate of Jimmy Richard
Norris, Deceased

87-178                                        745 S.W.2d 136

Supreme Court of Arkansas
Opinion delivered February 22, 1988

*Bill H. Walmsley*, for appellant.

*Boyce & Boyce*, for appellee.

WILLIAM G. WRIGHT, Special Chief Justice. This is an appeal by USAA Life Insurance Company from the trial court's award of 12% penalty and attorneys' fees. The insured, a Lieutenant Colonel in the U.S. Army stationed in Georgia, was shot to death on November 13, 1980. His wife, who was the primary beneficiary of the three life insurance policies at issue, was convicted of murdering her husband. The conviction was affirmed on appeal by the Georgia Supreme Court. The alternate beneficiary named in each of the policies was the estate of the decedent, and specifically his attorney, Sam Boyce, as Administrator.

Three insurance policies were issued to the insured by appellant while the insured was a member of the military service, and delivered at times when the insured was a resident of Leavenworth, Kansas; Fayetteville, Arkansas and Fairfax, Virginia. The home office of the insurance company was located in San Antonio, Texas. One of the policies was a decreasing term mortgage protection policy. The other two policies contained provisions for policy loans. The insured had borrowed from those policies and loans were outstanding at the time of his death.

Applications attached to two of the policies stated the

permanent address of the insured was "Newark, Independence County, Arkansas." On one of the policy applications the address for the alternate beneficiary, Attorney Boyce, was listed as "Newport, Arkansas."

Suit was originally filed on September 24, 1981, in Independence County by Attorney Boyce on behalf of the estate. The insurance company, the mother of the decedent and the widow were all named as defendants. The insurance company filed a general denial. The mother of the decedent admitted all of the allegations of the appellee's complaint. The widow objected to jurisdiction and denied the authority of Attorney Boyce to seek the benefits due under the policies. By assignment filed on January 6, 1984, the widow assigned any interest which she might have in the litigation to Attorney Boyce on behalf of the estate.

Following the assignment from the widow, the appellee amended his complaint seeking the face amount of each policy, including accidental death benefits, less unspecified policy loans and the amount due under the decreasing term policy on the date of death. The amended complaint alleged $56,700.00 was known to be the benefit due on December 16, 1979, and requested a proportionate decrease through the date of death. The appellant filed a general denial asking for permission to amend on completion of discovery. An amended answer was subsequently filed, denying any accidental death benefits and denying that the correct amount due under the decreasing term policy was as stated in the amended complaint.

The appellee undertook discovery in the form of interrogatories and request for admissions, and appellant denied the amount due under certain policies and did not provide the amount which was actually due under any of the policies.

On February 24, 1986, over two years after the widow's assignment was filed, the appellant filed its final amended answer in which it set forth the amount due under each of the policies, including accidental death benefits, and tendered checks containing restrictive endorsements with release language. The appellee rejected same due to the release language, and because of the claim for attorneys' fees and penalties. The tender by the appellant included the principal due under each policy after offsets for policy loans and the declining balance on the decreas-

ing term policy, and interest at 8% per annum from the date of the insured's death.

Trial was held in March, 1986, and appellee acknowledged that the amount tendered by appellant was correct, including the 8% interest added by appellant. A judgment was subsequently entered in favor of the appellee based upon the amounts tendered, however, the trial court awarded prejudgment interest at the rate of 6% interest per annum instead of 8% interest.

Appellant contends Ark. Code Ann. § 23-81-118 (1987) supersedes Ark. Code Ann. § 23-79-208 (1987) or is in conflict and precludes the awarding of attorney's fees and penalty for nonpayment of benefits in life insurance cases. Appellant further disputes the authority of Arkansas courts to award attorney's fees and penalty under the facts of this case.

■ Ark. Code Ann. § 23-81-118 (1987) is not applicable to this case because it does not apply to life insurance policies delivered or issued prior to July 20, 1979. All of the insurance policies in question were issued and delivered prior to 1979. Appellant also misunderstands the nature of an award of pre-judgment interest as damages. Pre-judgment interest is awarded for the period of time in which the recovering party has been deprived of the use of money or property. During that period the obligor has had the use of that which rightly belonged to the recovering party. *Lovell* v. *Marianna Federal S. & L. Ass'n.*, 267 Ark. 164, 589 S.W.2d 577 (1979).

The Arkansas Legislature has seen fit in the case of life insurance companies to increase the 6% rate of interest provided for most pre-judgment awards under the provisions of Art. 19 § 13 of the Arkansas Constitution to an 8% interest rate under the provisions of Ark. Code Ann. § 23-81-118 (1987).

The legislature has recognized a social and moral purpose in providing for the allowance of a statutory penalty and attorney's fees in litigation between insured and insurer. These reasons include discouraging oppressive delay in recognition of liability, deterring arbitrary or capricious denial of claims, and insuring the ability of claimants to obtain legal representation. *Aluminum Co. of America* v. *Henning*, 260 Ark. 699, 543 S.W.2d 480 (1976).

■ There is no conflict in the awarding of pre-judgment interest and in addition awarding a statutory penalty and attorney's fees. This contention was disposed of long ago in *Maryland Casualty Co.* v. *Maloney*, 119 Ark. 434, 178 S.W. 387, 389 (1915):

> It is also contended that the court erred in allowing a penalty of 12 per cent. under the statute in addition to interest at the legal rate, and that the amount of attorney's fee allowed by the court under the terms of the statute is excessive. We are of the opinion that there was no error in assessing a penalty of 12 per cent. for that is strictly in accordance with the statute. The penalty does not take the place of interest, but it is in addition thereto.

Citing *Allstate Insurance* v. *Ormand*, 252 Ark. 773, 480 S.W.2d 939 (1972), appellant contends that Ark. Code Ann. § 23-79-208 (1987) does not apply in this case because the policies were issued in Texas (the home office of the appellant), matured outside the State of Arkansas, the insured resided outside the State of Arkansas and the primary beneficiary resided outside the State of Arkansas.

■ The allowance of the statutory penalty and attorney's fees is penal in nature, and is a procedural matter governed by the laws of the State of Arkansas. *American Physician's Insurance Co.* v. *Hruska*, 244 Ark. 1176, 428 S.W.2d 622 (1968). Something more than jurisdiction and venue for the purposes of rendition of judgment upon the policy is required in order to assess the penalty. In *Ormand, supra*, this Court noted ". . . a careful review of our cases shows that the statutory penalty and attorney's fee have been allowed in only those cases having a connection with the State of Arkansas."

Our statute allowing penalty and attorney's fees relates to the performance of the insurance contract. One of the policies was issued while the insured was actually a resident of the State of Arkansas, and the policies reflect that the insured's permanent home was in Independence County where this case was filed. The alternate beneficiary to whom benefits were paid was an Arkansas resident. The Arkansas resident was entitled to performance in this state. In *New Empire Life Insurance Company* v. *Bowling*, 241 Ark. 1051, 411 S.W.2d 863 (1967) this Court specifically

found that Arkansas had sufficient connection to impose penalty and attorney's fees in a life insurance case where the policy was issued in another state, the death occurred in yet another state, but the beneficiary was an Arkansas resident.

We find that Arkansas had the requisite connection for its courts to impose the statutory penalty and attorney's fees under the facts of this case.

Appellant also complains about the allowance of penalty and attorney's fees because the amount due was ultimately tendered prior to trial and because the appellee did not recover the exact amount sought by his suit. It is unclear as to appellant's reasoning in not filing an interpleader and tendering the proceeds prior to the widow's assignment of any interest which she might have in the insurance proceeds. There was certainly the possibility of multiple liability to the primary and alternate beneficiary until the relinquishment of the primary beneficiary's claim. However, in excess of two years passed after the assignment until the insurance company amended its first general denial that it owed anything. It next denied that it owed any accidental death benefits. Finally, a few days before trial, appellant amended its answer and stated the amount due under all policies, including accidental death benefits and the benefits under the decreasing term policy, and tendered same by check with a restrictive endorsement. The delay of some five years and five months after the filing of suit before tendering payment was unreasonable.

The appellee's original complaint sought recovery for the face amount of all policies. The appellee filed an amendment to his complaint some two years before trial, seeking the face amount of the policies less policy loans and the decreasing amount due under the decreasing term policy. The appellant's general denial controverted all elements of the appellee's claim, ARCP 8(b), and the answer also reserved the right to further amend upon the completion of discovery. When it filed its next amended answer, liability for accidental death benefits was denied and did not provide the amount due for the policy loans which were obviously set-offs and should have been pled under ARCP 8(c). Appellee acknowledged that appellant's tender on the eve of trial represented the proper policy proceeds, including interest which the appellant calculated at 8% per annum.

Because appellee did not plead the calculations as to the exact amount of the policy loans or the exact balance then due under the decreasing term policy and because the appellee agreed with appellant at trial that 8% interest was the proper pre-judgment interest figure, appellant concludes that appellee did not receive the "exact" amount for which he had sued in his amended complaint.

This reasoning is faulty in two respects. First, in the original and amended complaint, the appellee did not pray for pre-judgment interest at a specified rate or in a specified amount. The appellee did nothing more than agree at trial with appellant's statement of the law as to the appropriate pre-judgment interest. This was not necessarily a matter for pleading or proof at the trial of the cause, as it is not a question for the fact finder. The awarding of pre-judgment interest is a matter of law and there is no right to a trial by jury on this issue. If it is collectable at all, it is a matter for the Court's determination and may be awarded upon a post-judgment motion. *Hooper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983).

Secondly, even though appellee was not as specific as he could have been in his amended complaint as to the amount of set-off under the various policies and the decreasing term benefit, he specifically made his claim to the insurance proceeds subject to these set-offs, and that is all the law requires. *Federal Life Ins. Co.* v. *Pearrow*, 191 Ark. 597, 86 S.W.2d 1106 (1935); *Bronx Fire Insurance Co.* v. *Cooper*, 187 Ark. 93, 58 S.W.2d 678 (1933). The set-off for policy loans and the exact amount of the decreasing term policy were facts within the peculiar knowledge of the insurance company. Until a short time before trial, appellant was litigating under an amended answer which denied any liability for accidental death benefits. It subsequently admitted those benefits were due on the eve of trial. In essence, the insurance company admitted all liability, and provided the specific amounts due after deducting the various set-offs to which the appellee acknowledged in its pleading that the appellant was entitled. In *Miller's Mutual Insurance Co.* v. *Keith Smith Co.*, 284 Ark. 124, 680 S.W.2d 102, 103 (1984), this Court stated:

> If the insurer has previously refused to pay the correct amount claimed, the penalty and attorneys' fees are

correctly assessed even though the insurer later confesses judgment.

Under these circumstances, the insurance company's failure to pay policy benefits makes it liable for the statutory penalty and attorney's fees. The trial court properly allowed 12% statutory penalty and attorney's fees of $32,500.00 in this case.

Affirmed.

MARIAN F. PENIX, Special Associate Justice joins in this opinion.

GEORGE D. ELLIS, Special Associate Justice, concurs.

GLAZE, J., dissents.

HOLT, C.J., and HICKMAN and NEWBERN, JJ., recused.

GEORGE D. ELLIS, Special Associate Justice, concurring. I am in full agreement with the majority opinion. My purpose for writing separately is to emphasize a single aspect of this case.

By enacting Ark. Code Ann. § 23-79-208, the legislative branch of our government has established a strong and firm public policy in favor of reasonably prompt payment of insurance claims. Likewise, the judicial branch of government has established a parallel and competing public policy against shotgun-style litigation in such cases, by requiring that the plaintiff recover the amount sued for. The legislature has been in session innumerable times over many decades since the beginning of our rule requiring recovery of the amount sued for, and has never taken the occasion to change our rule. *Southwestern Insurance Company v. Camp*, 253 Ark. 886, 489 S.W.2d 498 (1973).

Problems with the "amount sued for" rule, however, have begun to surface, particularly in the last 20 years or so, due to the increasing use of the phrase "exact amount" in describing the plaintiff's burden. See generally *Farm Bureau Insurance Co. v. Paladino*, 264 Ark. 311, 571 S.W.2d 86 (1978); *Ford Life Insurance Co. v. Jones*, 262 Ark. 881, 563 S.W.2d 399 (1978). Such a phrase has real meaning regarding, for example, a property damage claim in which the dispute centers around extent of damage. However, "exact amount" in the context of the facts of this case lends little to the process of public policy

analysis. This is so because the case involves life insurance policies with face amounts, and additionally, accidental death provisions; loans against two of the policies; a decreasing term benefit in the third policy; interest accruing daily on the benefits; and interest accruing daily on the loans. To require a plaintiff to be ready on a given day to compute the "exact amount" from the above list of variables, particularly when most of the information is within the exclusive knowledge of the insurance company, is to reduce the law to a bingo game. I do not believe that such was ever the intent of the legislature in enacting Ark. Code Ann. § 23-79-208, anymore than I believe that such was this court's intent in using such language as "exact amount."

The majority opinion correctly points out that "amount sued for" does not and cannot include prejudgment interest, policy loans constituting a setoff, and the like. First, such items simply should not be characterized as proceeds of the policy. And second, to require plaintiff to plead more specifically than was done here would be to require plaintiff to meet an impossible burden. For that reason, I concur with the majority's holding, which is, as I understand it, that plaintiff met the "amount sued for" requirement by stating his prayer for the face amounts of the policy and interest, less any setoffs for the decreasing term benefit and policy loans. I believe that both policy goals set out above are well served by this holding.