POWHATAN ZINC & LEAD MINING COMPANY *v.* HILL.

Opinion delivered April 10, 1911.

INTEREST—RATE.—An obligation for the payment of money on a certain day "bearing no interest" will be held to bear interest from the date of maturity at the rate of six per cent.

Appeal from Lawrence Chancery Court; *George H. Humphries,* Chancellor; affirmed.

*C. T. Burns,* for appellant.

Under the contract no interest could be charged. 22 Cyc. 1474, 1491; Kirby's Dig. § 5387; 53 Ill. App. 245; 9 N. W. Rep. 265; 36 Mich. 239; 51 Me. 376; 29 Am. Dig. 44, note K.   Where no interest is specified "until paid," only six per cent. can be recovered from maturity until paid. Final judgments bear six per cent. interest unless a larger amount is agreed upon.   Kirby's Dig. § 5387.

*W. E. Beloate,* for appellees.

The note drew 10 per cent. interest.   All contracts bear six per cent. after maturity, unless the contract otherwise provides by saying "until paid."   36 Ark. 480; *Ib.* 364; 46 *Id.* 87.

McCULLOCH, C. J.   The plaintiffs, Victoria Hill and J. M. Lester, instituted this action in the chancery court of Lawrence County against the defendant, Powhatan Zinc & Lead Mining Company, a domestic corporation, to recover the sum of $500, with interest, alleged to be due as a part of the purchase price of certain lands situate in that county, and to foreclose their lien, as vendors, on said lands.

At the first term of court thereafter the case was continued until the April term, 1910, when a decree purporting to be upon consent of parties was duly entered for said principal sum of money together with ten per cent. interest thereon, and sale of the lands was also decreed for the purpose of foreclosing the vendor's lien.

At the next term of court the defendant appeared and presented a petition asking that the decree be modified to the extent of striking out the item of interest, on the alleged grounds that the defendant had not been legally summoned in the action, that no one had been authorized to enter the defendant's appearance or consent to the decree, and that there was no contract for the payment of interest. On the hearing of that petition the court modified its former decree by reducing the rate of interest recovered from ten to six per cent., and the defendant appealed.

The plaintiffs have prosecuted a cross-appeal, on the ground that the court erred in modifying the decree at a term subsequent to its rendition.

The defendant has brought into the record the deed of conveyance executed by plaintiffs to defendant, which recites the obligation to pay the sum of $750 "due and payable October 1, 1907, bearing no interest," and insists that, upon a fair construction of this contract, it should be held not to bear interest at all.

We are of the opinion that the obligation bears interest from the date of maturity. In this State all contracts for the payment of money bear interest from the time they are payable. *Roberts v. Wilcoxson*, 36 Ark. 355; *Texas & St. Louis Ry. Co. v. Donnelly*, 46 Ark. 87; *Phoenix Insurance Co. v. Public Parks Amusement Co.*, 63 Ark. 187.

This court has held that a stipulation in an obligation for the payment of a certain rate of interest, without adding the words "until paid," means until the maturity of the obligation to pay and not until payment. *Gardner v. Barnett*, 36 Ark. 476; *Johnson v. Meyer*, 54 Ark. 437.

For the same reason it must be held that the words in the present contract "bearing no interest" mean until maturity, for, as already stated, all contracts for the payment of money bear interest from maturity, and in order to change that rule it must

be expressly, or by fair implication, stipulated that the contract shall not bear interest until paid.

The plaintiffs insist, in support of their cross-appeal, that the court erred in modifying the judgment, but we conclude, from an inspection of the record, that the ruling of the court was correct. This, for two reasons: first, because the original complaint fails to state facts which justified the recovery of a higher rate of interest, and, second, because the court was warranted in finding from the evidence adduced at the hearing of the petition to modify, as it doubtless did find, that the defendant had not consented to the rendition of a judgment for the higher rate of interest.

Counsel for plaintiffs insist that the deed of conveyance which appears in the transcript is improperly there and should not be considered. The clerk has certified it up in the transcript as a part of the record; and as the clerk's certificate is not inconsistent with the recitals of the decree, we must accept it as true. We find in the record no other written obligation of the parties whereby the higher rate of interest was agreed upon, and the complaint does not set forth any other writing or state any fact which would warrant a recovery of the higher rate of interest. We are therefore of the opinion that the court was correct in modifying the decree.

Affirmed.