HARTFORD SCHOOL DISTRICT No. 94 *v.* THE COMMERCIAL NATIONAL BANK, TRUSTEE.

4-7689                                            188 S. W. 2d 638

Opinion delivered July 2, 1945.

*Geo. W. Johnson,* for appellant.

*S. L. White,* for appellee.

MILLWEE, J.   The question for decision is whether a school district is liable for payment of interest from maturity on certificates of indebtedness issued under the provisions of Act 63 of 1935.

Appellant, School District No. 94 of Sebastian county, in 1934, had become heavily indebted with outstanding bonds in the principal sum of $95,500, bearing interest at the rate of five per cent. per annum, on which

it was in default both as to principal and interest. The district made a contract with a bond house to refund its principal indebtedness into a like amount of bonds bearing interest at the rate of four per cent. per annum and all maturing thirty years after date.

At the time the refunding contract was made the district did not have the money to pay either the costs of refunding or the accrued interest on the old bonds to the date of refunding. To meet these, it issued certificates of indebtedness under the provisions of Act 63 of 1935 to pay the bond house for its services, in the amount of $3,820, and to pay accrued interest on the old bonds, in the amount of $14,224.62. The certificates of indebtedness for the past due interest were to be issued and delivered to appellee, Commercial National Bank, as Trustee. These certificates were payable to bearer on or before December 1, 1939, and were payable out of any surplus that remained in the Building Fund from year to year after making due provision for interest due on the refunding bonds each year.

When the old bonds were surrendered for the refunding bonds, the bank, as trustee, issued to the bond holders its escrow receipt for the unpaid and matured interest coupons of the unmatured bonds, and for unpaid coupons and the accrued interest on the bonds in default.

Appellant district made regular and prompt remittances to appellee for the semi-annual interest payments on the refunding bonds, but failed to send any money to be paid on the certificates of indebtedness. The district also bought certificates of indebtedness of the face value of $9,464.66 at fifty cents on the dollar, without dealing through the trustee.

Appellee, Commercial National Bank, filed the instant suit on May 10, 1944, alleging that it had issued escrow receipts covering past due interest coupons and accrued interest to eight persons and companies named in the complaint, in the principal sum of $2,442.75; that it held such escrow receipts as trustee for collection and remittance out of the funds to be deposited with it from

time to time by appellant district, out of its Building Fund; that the total annual taxes collected from the eight-mill Building Fund levy had been for many years in excess of the semi-annual interest payments due on the refunding bonds and that such excess sums should have been deposited with appellee to liquidate the certificates of indebtedness which had been executed by the district and delivered to appellee on December 12, 1935. There was a prayer, *inter alia,* for an order directing the deposit of surplus funds with appellee each year until all the certificates of indebtedness had been liquidated. Judgment was also prayed in favor of the eight persons and companies named for the respective sums alleged due ''with interest thereon at the rate of six per centum from the date funds were in the 'Building Fund' applicable to payment thereon, until paid.''

On July 26, 1944, appellee filed its supplemental and amended complaint alleging that three other owners of escrow receipts in the total sum of $2,285.46 had requested that they be joined in the suit. In the amended complaint, it was also alleged that the certificates of indebtedness issued by the district were negotiable and matured in all events on December 1, 1939. Judgment was prayed for the total sum of $4,728.24 ''with interest thereon at the rate of six (6%) per centum per annum from December 1, 1939, until paid.''

The answer of appellants contained a general denial and allegation that the certificates were without consideration, void, and should be cancelled. At a hearing on October 9, 1944, a decree was entered for appellee, as trustee for the eleven owners of the certificates of indebtedness, for the $4,728.24 face value of said certificates, and interest thereon from maturity date of December 1, 1939, in the sum of $1,375.78. It was also decreed that the appellant school district should pay all costs, including a fee of $100 to the trustee for services and expenses incurred in the performance of its trust.

It is stipulated by the parties that the sole issue to be determined by this appeal is the question of the cor-

rectness of the allowance by the trial court of interest on the certificates of indebtedness in the sum of $1,375.78.

Prior to the enactment of Act 63 of 1935, the restriction upon the right to issue refunding bonds made it impossible for many school districts to secure relief by refunding because they could neither pay the past due interest nor the expense of refunding, nor include either in the refunding issue. This act amended Act 169 of 1931, and while it did not remove the restriction that refunding bonds should be limited to the refunding of bond principal only, provision was made for payment of the costs of refunding and accrued interest by § 2 of said Act 63 of 1935 as follows: "And in order to facilitate the refunding of school bonds, any school district issuing refunding bonds, may issue certificates of indebtedness maturing in one to five years, payable to bearer and negotiable, to cover the cost of refunding bonds, or interest due on outstanding bonds at the time they are exchanged for refunding bonds, or both; said certificates of indebtedness shall be paid out of the building fund of the district from any surplus that remains in said building fund in any year after the payment of the full amount of bonds and interest due that year on the refunding issue. Any certificates of indebtedness issued in connection with an issue of refunding bonds shall be registered by the County Treasurer with the registration of the refunding bonds."

It will be noted that this statute did not authorize the issuance of interest-bearing certificates of indebtedness. It is appellee's contention, however, that the certificates of indebtedness are subject to the same rules governing ordinary commercial paper announced in the case of *Powhatan Z. & L. Mining Company* v. *Hill*, 98 Ark. 519, 136 S. W. 669. In that case the defendant mining company had executed its obligation to pay the sum of $750 "due and payable October 1, 1907, bearing no interest." The trial court had awarded interest after maturity and that holding was affirmed on appeal where it was said: "We are of the opinion that the obligation bears interest from the date of maturity. In this state

all contracts for the payment of money bear interest from the time they are payable." Other cases were cited in support of this holding, but upon examination of these cases it is found that they all grow out of commercial contracts between private persons or corporations.

It is insisted that the certificates are subject to the rule announced in the case of *Powhatan Z. & L. Mining Co.* v. *Hill, supra,* for the reason that since Act No. 248 of 1905, school districts have been authorized by law to borrow money, issue bonds, and to refund such indebtedness. Section 2 of said Act 248 of 1905, as amended by Act 160 of 1917, became § 8978 of Crawford & Moses' Digest, and provided that evidences of indebtedness issued by a school district should have the same force and effect as they would if executed by natural persons, and that a school district should be allowed no defense either in law or equity merely by reason of the fact that it is a school district. However, this section of the law was repealed by Act 169 of 1931. Had it not been repealed, we would be inclined to hold with appellee on this contention.

In the case of *A. H. Andrews Co.* v. *Delight Special School District,* 95 Ark. 26, 128 S. W. 361, a school district had purchased some desks, and the price was increased because payment was to be delayed. The district undertook to avoid payment of a warrant issued for the desks after they had become worn out, by claiming it had no authority to increase the price of the desks because of delay in payment. The district was held liable for payment of the warrant, but in denying claim for payment of interest, it was said:

"It is contended by appellant that it is entitled to interest on the warrant from the time that payment thereof was refused. But there is no statute in this state which provides for the recovery of interest upon school warrants; and the weight of authority is that, in the absence of a statutory provision to that effect, such warrants do not bear interest. . . . (Citing cases).

". . . School districts are only *quasi* corporations, and are governmental agencies organized under

legislative enactment for the carrying out of certain public purposes. The issuance of warrants on the county treasurer by school districts is done under the provisions of the statute. The statute does not provide, and it cannot be fairly implied therefrom, that the warrants shall bear interest; and, until the Legislature shall by express enactment grant to school districts the power to issue interest-bearing warrants, we think that it is the policy of the law that such warrants shall not bear interest.''

We think the above principle is applicable here and is controlling in this case. The certificates of indebtedness are not claims against the general funds of the district, but are restricted in payment from any surplus that remains in the building fund in any year after payment of bonds and interest. While the statute (Act 63 of 1935) makes the certificates negotiable, it is silent on the question of interest. In the case of *Jobe* v. *Urquart,* 102 Ark. 470, 143 S. W. 121, Ann. Cas. 1914A, 351, an act of the Legislature authorizing the Board of Penitentiary Commissioners to purchase or lease a prison farm was involved, and it was held that a state cannot be held to payment of interest unless bound by an act of the Legislature or by an authorized contract of her executive officers. In so holding, this court said: ''The act under discussion is silent on the question of interest. In no part of the act is any mention made of interest or any authority given to the board to contract for the payment of interest.

''It is a matter of universal custom with legislatures, which has grown into a common knowledge in the business world, that in the passage of laws authorizing the state, or any sub-division thereof, or any district therein, to make and issue any interest-bearing indebtedness, the act authorizing the same, without exception, fixes the rate, or the maximum rate, of interest the indebtedness should bear.''

The payment of interest upon interest is not generally favored by the courts. 33 C. J. 191; 30 Am. Jur. 45. If the Legislature, in the passage of Act No. 63 of 1935, had intended to authorize the payment of interest on

past due interest and expenses of refunding, it could have done so by modifying the restriction on the power to refund and allowing the refunding issue to include both principal and past due interest of the outstanding bonds, as well as the expenses of refunding. The Legislature has done this in the case of levee and drainage districts (§ 11341, Pope's Digest), municipal improvement districts (§ 11343, Pope's Digest), and suburban improvement districts (§ 11347, Pope's Digest). The fact that the Legislature expressly granted the right to these other *quasi*-public corporations to include past due interest in a refunding issue and let it bear interest in the same manner as the principal of the outstanding bonds, makes the withholding of such authority in the case of a school district highly persuasive evidence that the law-making body never intended that school districts should be charged with the payment of interest on the certificates of indebtedness involved in this suit.

It is our opinion that there is no statutory authority for the recovery of interest on the certificates of indebtedness involved in this suit, and that the trial court erred in allowing same. The decree will, therefore, be modified by eliminating therefrom allowance of the items of interest in the sum of $1,375.78. In all other respects, and as thus modified, the decree is affirmed.

GRIFFIN SMITH, C.J., dissents.