# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* Hugh C. VICK, et al

84-293                                                      682 S.W.2d 731

Supreme Court of Arkansas
Opinion delivered January 14, 1985

*Thomas B. Keys* and *Phillip N. Gowen,* for appellant.

*Bill W. Bristow,* P.A., for appellees.

GEORGE ROSE SMITH, Justice. The appellees owned a rectangular tract of commercial property having a 300-foot frontage on Caraway Road, a principal commercial thoroughfare in the city of Jonesboro, and extending back 600 feet from the frontage line. In December, 1981, the Highway Commission brought this action to condemn about three tenths of an acre, in the shape of a right triangle lying along the frontage for 117 feet and running back along the adjacent side for 223.9 feet. The Commission deposited $33,900 in court, which the landowners withdrew. At the trial in January, 1984, the jury fixed the value of the condemned tract at $90,000.

On direct appeal the Commission argues that the valuation testimony of the landowners' two expert witnesses should have been stricken because there was no fair and reasonable basis for their conclusions. *Ark. State Hwy. Comm'n* v. *Cook*, 257 Ark. 98, 514 S.W.2d 215 (1974). It is argued that the witnesses erroneously relied upon sales of smaller tracts that, owing to their size, were not comparable as a matter of law.

We disagree. The witnesses considered prior sales of some 13 smaller tracts in the Caraway Road area. They explained how they had made adjustment for differences in time (to give effect to inflation), in area, and in frontage. The witnesses explained in detail how they had arrived at their valuation. We find no abuse of the trial court's discretion in allowing the testimony in question. As we said in *Ark. State Hwy Comm'n.* v. *N.W.A. Realty Corp.*, 262 Ark. 440, 557 S.W. 2d 620 (1977):

> It is the well established rule that the decision of the question whether the conditions surrounding another tract of land or its sale are sufficiently similar to the circumstances of the pending case and the land involved to admit evidence of its sale price as evidence of the value of the land in question rests largely in the discretion of the trial court.

Similarity in the size of the two tracts is seldom exact, requiring adjustments by the expert witness, and it is only one of the factors to be considered. *See Cook, supra.* We cannot say as a matter of law that the sales relied upon below were so lacking in comparability as to be irrelevent or misleading. That being true, the experts' opinions were admissible, their weight being for the jury to decide.

On cross appeal the landowners argue that the trial court's allowance of interest at the rate of only 6% per annum upon the $56,100 difference between the Commission's deposit and the amount of the verdict is so inadequate as to amount to a taking of their property without just compensation.

To support their contention the landowners proved that during the period between the Commission's entry on the land in 1981 and the return of the verict in 1984, money could be invested in bank certificates of deposit at 11.5% interest and borrowers were required to pay interest at rates ranging from 13.5% to 18%. The trial judge felt that he was bound by the statute which governs Highway Commission condemnations and allows interest at 6% from the date of surrender of possession to the date of payment. Ark. Stat. Ann. § 76-536 (Repl. 1981). That statute, we have held, was not superseded by a general law increasing to 10% the interest rate allowable on judgments in general. *Ark. State Hwy. Comm'n. v. Scott,* 264 Ark. 397, 571 S.W. 2d 607 (1978).

The landowners' position in the case at bar is right. As a matter of just compensation and due process under the federal and state constitutions, a landowner cannot be denied interest on the unpaid part of the award during the time he is deprived both of the use of the land and of the money representing its value. *Housing Authority of the City of Little Rock v. Rochelle,* 249 Ark. 524, 530, 459 S.W. 2d 794 (1970); *Ark. State Hwy. Comm'n v. Stupenti,* 222 Ark. 9, 257 S.W.2d 37 (1953). In *Stupenti* we quoted from a Supreme Court case holding that the landowner is not limited to the value of the property at the time of the taking; he is also entitled to such an addition as will produce the full equivalent of the value as if paid contemporaneously with the taking. Interest "at a proper rate" was held to be a good measure by which to ascertain the amount to be added. *Jacobs v. United States,* 290 U.S. 13 (1933). Since a constitutional right is involved, the interest rate to be allowed may exceed that specified by statute. *Redevelopment Agency of City of Burbank v. Gilmore,* 198 Cal. Rptr. 304 (Cal. App. 2 Dist. 1984); *State by Spannaus v. Carney,* 309 N.W.2d 775 (Minn. 1981); *Edwareds v. Ark. Power & Light Co.,* 638 F.2d 1149 (8th Cir. 1982), Arnold J., concurring. Our holding in *Scott, supra,* is distinguishable, for there the constitutional issue was not raised, the landowner's contention being based on the statutes.

We conclude that the trial judge was mistaken in limiting the allowable interest rate to 6%. That statutory limitation cannot be constitutionally applied in the circum-

stances of this case. We need not remand the cause for a determination of the proper rate of interest to be allowed, for the landowners' counsel conceded during the oral argument that the proof does not support more than 10% per annum, which is also the rate allowable by statute on judgments. We accordingly modify the judgment on cross appeal to allow 10% simple interest and remand the case for the entry of a judgment conforming to this opinion.

In closing, we observe that the appellant's abstract of the record is deficient in two respects, though not so flagrantly so as to warrant an affirmance on that ground. First, counsel have properly abstracted in narrative form the testimony of the landowners' expert witnesses on direct examination, but their extensive cross examination has been improperly copied in question and answer form. Second, no diagram of the tract in question has been reproduced as contemplated by Rule 9 (d), making it unnecessarily difficult for the court to have a clear understanding of the testimony.

Affirmed on direct appeal, modified on cross appeal.