ARKANSAS STATE HIGHWAY COMMISSION
*v.* SECURITY SAVINGS ASSOCIATION

CA 86-119                    718 S.W.2d 456

Court of Appeals of Arkansas
Division I
Opinions delivered October 29, 1986

*Ted Goodloe* and *Thomas B. Keys*, for appellant.

*Hubbard, Patton, Peek, Haltom & Roberts*, by: *William G. Bullock*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Appellant condemned a total of 4.38 acres of land owned by appellee and, pursuant to Ark. Stat. Ann. Section 76-538 (Repl. 1981), deposited into escrow $32,500 as estimated just compensation for such taking. Appellant entered the land on July 22, 1983, and a trial on the issue of damages was held on October 2, 1985. The jury returned a verdict of $60,000. The trial court set the interest rate at 11.77% on the amount of the judgment in excess of the original deposit into escrow. Appellant's sole point on appeal is that the 11.77% interest rate set by the court is excessive and should be set aside. We do not agree and therefore we affirm the lower court's award.

In *Arkansas State Highway Commission* v. *Stupenti*, 222 Ark. 9, 257 S.W.2d 37 (1953), the court held that

even though at trial a landowner is given judgment for the present value of his land taken, he has been deprived of its use and rents from the date of entry by the condemning authority until the date of judgment, and the State should be obligated to pay the landowner for this. In ruling that interest should be paid from the date of taking, the court stated:

> To allow the State to escape this liability would be contrary to our State Constitution. Art. 2, section 22, reads:
>
> > "Section 22. *Property Rights — Taking Without Just Compensation Prohibited.* — The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."
>
> Just compensation means full compensation. While the real loss to appellee might well be described as the denial of the use of his land for the time stated, yet the universally recognized rule for measuring this loss is by calculation of interest on the value of the land.

*Id.* at pp. 12-13.

█ The court recently expanded on what constitutes full compensation in *Arkansas State Highway Commission* v. *Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985), which appears to be controlling here. In *Vick*, the trial court allowed the appellee landowners interest at the statutory rate of 6% per annum on the difference between the appellant's deposit and the amount of the verdict. Ark. Stat. Ann. Section 76-536 (Repl. 1981). Appellees argued that a 6% rate of interest was so inadequate as to amount to an unconstitutional taking of their property without just compensation. To support their contention, the landowners proved that, during the period between the Commission's entry on the land in 1981 and the return of the verdict in 1984, money could be invested in bank certificates of deposit at a rate of 11.5% interest and borrowers were required to pay interest at rates ranging from 13.5% to 18%. The court agreed with the landowners, and stated that as a matter of just compensation and due process under the federal and state constitutions, a landowner should be allowed interest on the unpaid part of the award "at a

proper rate" during the time he is deprived both of the use of the land and of the money representing its value and that the statutory limitation on interest rate could not constitutionally be applied in the circumstances.

■ ■ Here, the president of a local savings and loan testified that the interest payable on a 12-month certificate of deposit averaged 11.77% from July 22, 1983, to September 30, 1985. A witness for appellant who invests funds on behalf of appellant testified that a proper rate of interest would be 7.32% to 9.2%. These figures were based on risk-free United States Treasury bill rates from July, 1983, to September, 1985. The Highway Commission thus contends that the "proper" rate of interest paid should be one representative of risk-free investments backed by the government. We conclude that this view is too narrow.

Here, the trial court found that the proper rate of interest on the amount of the judgment over and above the initial deposit was 11.77%, which was an average of rates paid on certificates of deposit at a local financial institution. In determining whether evidence is sufficient to support the verdict, the appellate court will view the testimony in the light most favorable to appellees and will indulge all reasonable inferences in favor of the judgment. *Arkansas Power and Light Company v. Melkovitz*, 11 Ark. App. 90, 668 S.W.2d 37 (1984). The lower court's award of a 11.77% interest rate on the unpaid portion of the condemnation award is fully supported by the evidence and is affirmed.

Affirmed.

COOPER and CORBIN, JJ., agree.