235 N.J. Super. 453 (1988)
563 A.2d 73
BOROUGH OF WILDWOOD CREST, A MUNICIPAL CORPORATION, PLAINTIFF,
v.
CECILE O. SMITH; SADYE SILVER, HER HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES AND ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; MR. SADYE SILVER, HUSBAND OF SADYE SILVER; MONTEREY MOTEL, INC., A CORPORATION OF NEW JERSEY; THE MARINE NATIONAL BANK OF WILDWOOD, NEW JERSEY; UNION TRUST COMPANY OF WILDWOOD, NEW JERSEY; CREST SAVINGS AND LOAN ASSOCIATION; GEORGE M. JAMES AND MARY JAMES, HIS WIFE; MARINE NATIONAL BANK; AND UNITED STATES OF AMERICA, DEFENDANTS. MONTEREY MOTEL, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BOROUGH OF WILDWOOD CREST, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division Cape May County.
Decided January 26, 1988.
*454 Robert A. Fineberg for plaintiff Borough of Wildwood Crest (Fineberg & Rodgers, attorneys), Wildwood.
Marcus H. Karavan and Robert L. Taylor, for defendants Cecile O. Smith and Monterey Motel, Inc.
CALLINAN, J.S.C.
This case raises the question of whether interest on deficiencies in condemnation cases should be compounded. This matter arises from condemnees' application for the court to set an appropriate rate of interest to be applied to the award entered in this condemnation action. In the instant case, the Borough of Wildwood Crest commenced a condemnation action on February 7, 1983. On or about July 21, 1987 an order for judgment was entered in this matter awarding condemnee Cecile O. Smith the amount of $466,075.00, plus interest and condemnee Monterey Motel, Inc. the amount of $453,250.00, plus interest.
The Fifth Amendment provides that private property shall not be taken for public use without just compensation. "Just compensation" means the full monetary equivalent of the property taken. United States v. Reynolds, 397 U.S. 14, 15-16, 90 S.Ct. 803, 804-05, 25 L.Ed.2d 12, 15, (1970), citing Monongahela Navigation Co. v. United States, 148 U.S. 312, 326, 13 S.Ct. 622, 626, 37 L.Ed. 463, 468 (1893).
That interest constitutes part of just compensation in a case of eminent domain cannot be seriously disputed. Seaboard Airlines Ry. v. U.S., 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664 (1923); Brooks-Scanlon Corp. v. U.S., 265 U.S. 106, 44 S.Ct. 471, 68 L.Ed. 934 (1924); Phelps v. U.S. 274 U.S. 341, 47 S.Ct. 611, 71 L.Ed. 1083 (1927).
In determining what would be an appropriate rate of interest, the court must be guided by Wayne Township and Passaic *455 County v. Cassatly, 137 N.J. Super. 464, 475 (App.Div. 1975), where the Appellate Division said: "The rate of interest selected by the court is designed to compensate the landowner for the detention of monies owed him during the pendency of the action and put him in the same position he would have been in had he been paid in full on the date the action was commenced."
Testimony was taken in this matter and condemnees' expert Thomas E. Dewey, Jr., an investment banker, testified as to what a conservative investment of the awarded funds would return during the appropriate years. In connection with that testimony, Mr. Dewey offered two exhibits  Exhibit A (D-1) and Exhibit B (D-2), although Exhibit A was somewhat higher than Exhibit B, this court is satisfied that the interest rates reflected in Exhibit B would be an appropriate rate of interest to follow in the within case.
We find that the range of interest rates for conservative investments was at least those stated in Exhibit B. In passing, we also observe that the rates of interest in Exhibit B coincide with the court-approved rate of interest during the interim period to apply to all amounts of money awarded successful litigants for detained funds.
In his calculations, Mr. Dewey compounded interest semi-annually. Plaintiff-condemnor offered no testimony but relied solely on the cross-examination of condemnee's expert.
The question that we need now decide is whether or not interest should be compounded annually. Counsel have been unable to find any New Jersey case law on the subject.
There is but a sparse treatment of the subject matter on the Federal level. We recognize that Federal lower court decisions are not binding on State trial courts. Nevertheless, judicial comity requires consideration and due respect be given to these decisions, especially on issues of constitutional dimension. State v. Norflett, 67 N.J. 268, 286 (1975); United Savings & Loan Ass'n v. Scruggs, 181 N.J. Super. 52, 58 (Ch.Div. 1981). The Federal cases, however, follow no clear line of decision.
*456 Three cases were collected and analyzed in U.S. v. 319.46 Acres of Land, etc., 508 F. Supp. 288 (W.D.Okla. 1981). They were U.S. v. Northern Pacific Ry. Co., 51 F. Supp. 749 (E.D. Wash. 1943); U.S. v. 164.25 Acres of Land, 159 F. Supp. 728 (D.N.H. 1957); and U.S. v. Blankinship, 431 F. Supp. 403 (D.Or. 1977) (Later rev'd and remanded on other grounds, 543 F.2d 1272 (9th Cir.1976)). In U.S. v. 319.46 Acres of Land, the court's analysis resulted in a decision to award compound interest to the condemnee. A later case, U.S. v. 97.19 Acres of Land, 511 F. Supp. 565, 56 A.L.R.Fed. 470 (D.Md. 1981) came to the opposite conclusion.
In U.S. v. 429.59 Acres of Land, 612 F.2d 459 (9th Cir.1980), the 9th Circuit in an opinion not followed in the later decided case of U.S. v. 97.19 Acres of Land, supra, held that the compounding of interest is appropriate to compensate the landowners for the loss of use of the interest that an investment would have generated in the interim between condemnation and payment. There the court stated that it is proper, when just compensation is delayed, to fix interest at the rate that a reasonably prudent person would realize, investing those funds so as to produce a reasonable rate of return while maintaining the safety of principal. Compound interest is one aspect of a prudent investor's management of invested funds.
Thus, although the Federal cases are divergent, we are more persuaded by the reasoning of the 9th Circuit in allowing the compounding of interest. Congress addressed and apparently resolved the conflict in Federal eminent domain proceedings, on this issue, with the passage in 1986 of Public Law 99-656 § 1(2), 100 Stat. 3668 (U.S.C.A. 40 § 258e-1), which provides:
Where the period for which interest is owed is more than one year, interest for the first year shall be calculated in accordance with paragraph (1) and interest for each additional year shall be calculated on the combined amount of the principal (the amount by which the award of compensation exceeds the deposit referred to in the first section of this Act) and accrued interest at an annual rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 *457 week United States Treasury bills settled immediately before the beginning of each additional year.
The purpose of this amendment was to establish a uniform rate of interest. See, H.Rep. No. 914, 99th Cong., reprinted in 1986 U.S.Code Cong. & Ad.News 6202, 6203. Accordingly, the compounding of interest is directed by U.S.C.A. 40 § 258e-1.
The basic transaction in awarding compensation to a landowner whose property is taken by the State for public purposes is to award the landowner fair compensation for the property calculated as of the date of taking. In the calculations which project forward the fair market award to the date when compensation is finally paid, the courts have treated the question as one of detention of funds. Just compensation requires that the owners of the land be compensated for the delay or shortfall in the deposit of this amount. U.S. v. Blankinship, supra.
If the full value of just compensation had been paid to the property owner contemporaneously with the taking, the landowner would have had the opportunity to earn compound interest on those funds. Prohibiting the landowner from recovering compound interest on a deficiency acts to effectively reduce the awarded past value by understating its present worth. U.S. v. 319.45 Acres of Land, supra.
The thrust of the present proceeding is to make the plaintiff whole for the detention of monies justly due and owing. To apply an annual interest rate for the use of withheld funds and not insist on either timely payment of interest (concededly impossible) or annual compounding would be fatal to the very hypothesis that the detention is to be treated as a prudent business transaction. Indeed as the unpaid interest accumulates, the accumulated interest is the equivalent of an interest-free loan. This beneficence is not generally the hallmark of any prudent commercial transaction.
The award is subject to interest at the previously ordered rates, compounded annually.