John Vernon WILSON *v.* CITY OF FAYETTEVILLE,
Arkansas

91-290                                         835 S.W.2d 837

Supreme Court of Arkansas
Opinion delivered June 29, 1992
[Supplemental Opinion on Rehearing November 2, 1992.*]

*Stanley, Harrington, & Mars*, by: *Roy E. Stanley*, for appellant.

*James N. McCord*, for appellee.

ROBERT L. BROWN, Justice. The appellant, John Vernon Wilson, is a landowner in Fayetteville who had eminent domain proceedings commenced against him in 1977 for a triangular

---

*Hayes, Glaze, and Brown, JJ., would deny rehearing.

piece of his land. The city wished to use the land for a traffic signal control panel and to relocate a sewer line. It paid into the court registry $100 as just compensation. More than eleven years later, a trial was held on October 5, 1988, and judgment was entered on October 11, 1988. The jury placed the value of the land at $29,000. The circuit court, however, refused to assess prejudgment interest, and the case was appealed to the Arkansas Court of Appeals.

The court of appeals, in an unpublished opinion dated November 15, 1989, affirmed the award of $29,000 as the value of the land. On cross appeal, Wilson argued that the circuit court erred in denying prejudgment interest. The court of appeals agreed and remanded the matter to circuit court for a determination of "a proper rate" of interest from the time of taking until judgment. Neither party argued to the court of appeals what the prejudgment interest should be.

On remand, the circuit court conducted a hearing, received evidence, and heard argument on prejudgment interest. The court found in its order entered June 9, 1990, that interest should not be compounded and that the interest rate should be based on average rates paid by local lenders on their certificates of deposit. Using this formula, it further found that the prejudgment interest rate should be 9.25 percent per annum. The court then calculated that interest of $30,718.32 as of October 11, 1988 — the date of judgment — and added that amount to the judgment award for the value of the land for a total of $59,618.32.[1] On the total sum of $59,618.32, the court allowed postjudgment interest at ten percent per annum from date of judgment.

Wilson now appeals, contesting the refusal of the circuit court to compound interest and arguing that the court should have included non-local interest rates on certificates of deposit and returns on seasoned corporate bonds and AAA-rated corporate bonds in ascertaining a proper rate. We affirm the circuit court's decision.

---

[1] The October 11, 1988 judgment amount was actually $28,900 due to the fact that the initial $100 was paid in to court in 1977. Interest is not allowed on amounts paid into court. Ark. Code Ann. § 27-67-316(e)(1) (1987).

## I. COMPOUND INTEREST

The essence of Wilson's first point is that he can only be fully compensated by compounding interest. He supports his argument by urging that this is what the Arkansas Constitution and case law require.

■ Wilson is correct in stating the standard for compensation. The Arkansas Constitution requires just compensation for taking private property for public use, and we have clearly held that "[j]ust compensation means full compensation." Ark. Const. art. 2, § 22; *Arkansas State Highway Comm'n v. Stupenti*, 222 Ark. 9, 13, 257 S.W.2d 37, 40 (1953). Statutory law, however, provides a six percent interest rate "as part of just compensation." Ark. Code Ann. § 27-67-316(e)(1) (1987). The question then arises whether six percent interest represents full compensation. We concluded that it did not under the circumstances in *Arkansas State Highway Comm'n v. Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985), and we observed that interest "at a proper rate" was a good measure for deciding the amount to be added to the land value to compensate for deprived use of the land or its money equivalent. We allowed ten percent simple interest as the proper rate in *Vick*.

■■ The award of prejudgment interest is a matter of law for the trial judge — not the jury — to determine. See *USAA Life Ins. Co. v. Boyce*, 294 Ark. 575, 745 S.W.2d 136 (1988). We have observed that the payment of interest upon interest is not generally favored by the courts. *Hartford School Dist. No. 94 v. Commercial National Bank, Trustee*, 208 Ark. 984, 188 S.W.2d 638 (1945). Furthermore, the General Assembly has not mandated compound interest as a necessary component of just compensation. Ark. Code Ann. § 27-67-316 (1987). One land condemnation case in the past has expressly affirmed a simple interest award. *See Arkansas State Highway Comm'n v. Vick, supra.* We can find no Arkansas case awarding compound interest as part of just compensation; instead, the cases appear to award only simple interest. *See, e.g., Hopper v. Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983); *Housing Authority of Little Rock v. Rochelle*, 249 Ark. 524, 459 S.W.2d 794 (1970). Other jurisdictions have either refused to compound interest in land condemnation cases or deferred to the trial court's finding in

disallowing compounded interest. *See, e.g., State* v. *Doyle*, 735 P.2d 733 (Alaska 1987); *City of Phoenix* v. *Campbell*, 728 P.2d 1247 (Ariz. Ct. App. 1986); *City of Austin* v. *Porter*, 623 S.W.2d 672 (Tex. Ct. App. 1981); *Walker* v. *Acting Dir., Dept. of Forests & Parks*, 396 A.2d 262 (Md. 1979).

On the other hand, there is federal and state authority standing for the proposition that prejudgment interest should be compounded. *See* 40 U.S.C. § 258 e-1; *United States* v. *429.59 Acres of Land*, 612 F.2d 459 (9th Cir. 1980); *United States* v. *319.46 Acres of Land*, 508 F. Supp. 288 (W.D. Okla. 1981); *Borough of Wildwood Crest* v. *Smith*, 563 A.2d 73 (N.J. Super. 1988); *Lea Co.* v. *North Carolina Bd. of Transp.*, 345 S.E.2d 355 (N.C. 1986).

■ This is an issue of first impression in Arkansas, and we are mindful that a landowner is entitled to the full equivalent of the value of the land as if paid contemporaneously at the time of taking. *Arkansas State Highway Comm'n* v. *Stupenti, supra.* However, were we to reverse the circuit court and mandate compound interest in this case, we would in effect be requiring that henceforth just compensation under the Arkansas Constitution include compound interest in land condemnation cases. We refuse to take such a dramatic step.

■ Here, the circuit court considered and rejected the compounding of interest. In doing so, he expressly noted that we approved only simple interest in *Arkansas State Highway Comm'n* v. *Vick, supra.* What constitutes appropriate interest is a question for the factfinder which will not be reversed unless clearly erroneous. *See Washington Metropolitan Area Transit Authority* v. *One Parcel of Land in Montgomery County, Maryland*, 706 F.2d 1312 (4th Cir. 1983), cert. denied, 464 U.S. 893 (1983). We cannot say that the court clearly erred in awarding simple interest in this case.

## II. PRUDENT INVESTMENT

Wilson's second point is related to the first. He urges that the circuit court should have also used average interest rates on certificates of deposit issued by non-local institutions or interest rates available on seasoned corporate bonds or on AAA-rated corporate bonds in determining the interest rate. The circuit

court refrained from doing this and relied on an average of local CD rates which was a formula affirmed by the Arkansas Court of Appeals in a previous case. *See Arkansas State Highway Comm'n* v. *Security Savings Ass'n*, 19 Ark. App. 133, 718 S.W.2d 456 (1986).

Wilson would have us reverse the circuit court and hold that the failure to factor foreign interest rates into the court's equation in this case was clear error. As a concomitant to this, he contends that a prudent investor would have looked beyond local CD rates for a return on his or her money. He advances this position, even though he testified that in his private investments he had availed himself of investments in local CD's.

Again, the choice of an appropriate interest rate is a question of fact for the circuit court, and we cannot say that the court clearly erred in refusing to use foreign CD rates or interest rates on corporate bonds in its averaging formula. In certain cases, trial courts may well want to look beyond local interest rates, and there are multiple barometers for determining interest on accounts and securities. Yet, we would be unduly curtailing a trial court's factfinding role were we to say that one interest rate is more appropriately considered than another or that a certain formula should be utilized in all instances. We refuse to go that far. The decision of the circuit court is affirmed.

Affirmed.

HOLT, C.J., DUDLEY and NEWBERN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. In 1977, the City of Fayetteville deemed it necessary to condemn a tract of appellant Wilson's land and deposited $100.00 in the registry of the trial court as the amount necessary to make compensation for the land taken. *See* Ark. Code Ann. § 18-15-303(b)(1) (1987). The City then obtained an order of possession for the land, *see* Ark. Code Ann. § 18-15-303(b)(2) (1987), and has possessed the land since then. The appellant has had the $100.00, and the interest it has earned over that period of time. In October 1988, more than eleven years after the taking, the condemnation case was heard, and the jury found that the true value of the tract at the time of the taking was $29,000.00. The trial court entered judgment for the $29,000.00, less the $100.00 deposit, but refused to award

interest from the time of taking until judgment. The court of appeals affirmed the award of $29,000.00, but remanded the case to the trial court "for a determination of 'a proper rate' of interest from the time of taking until judgment." *City of Fayetteville* v. *Wilson*, CA90-139, slip op. at 7 (Ark. App. Nov. 15, 1989). Upon remand, the trial court found that the interest rate should be set at 9.25% per annum because that was the average rate paid by local banking institutions on certificates of deposit, but it made the award of simple interest.

## I.

### *Procedure*

The majority opinion states that the trial court "considered and rejected the compounding of interest." In fact, the trial court did not exercise its discretion involving the compounding of interest, since it thought that this court had prohibited the awarding of compound interest as a matter of law. In his letter opinion the trial judge wrote:

> Some question has also arisen as to whether or not the interest is to be compounded or if it is to be simple interest. In the *Vick* case, *supra*, [*Arkansas State Highway Comm'n* v. *Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985)] the Supreme Court allowed ten percent *simple* interest. Therefore, . . . they have spoken on the issue and have only allowed simple interest.

The trial court's order provides: "Based upon the holding in *Vick, supra*, the Court finds that such prejudgment rate of interest should be computed as simple interest without compounding." Thus, it seems clear that the trial judge thought that, as a matter of law, he did not have discretion to award compound interest and did not exercise any discretion with regard to the compounding of interest. Since the majority opinion holds that, as a matter of law, compound interest could have been awarded, and since the trial court did not think that it had the discretion to award such interest, it seems clear that the case should be reversed and remanded for the trial court to exercise its discretion. We have long held that the erroneous failure of a trial court to exercise its discretion is reversible error. *Acklin* v. *State*, 270 Ark. 879, 606 S.W.2d 594 (1980); *Gould & Co.* v. *Tatum*, 21 Ark. 329 (1860).

The trial court held that it could not compound the interest. The appellant assigns the ruling as error, and the majority opinion holds that the ruling was error. Even so, the majority opinion declines to reverse and remand for the trial court to exercise its discretion. Instead, the majority implies that the appellant asks us to award compound interest as though we were reviewing this case de novo and as though we would grant the relief which the trial court should have given. The majority opinion states:

> This is an issue of first impression in Arkansas, and we are mindful that a landowner is entitled to the full equivalent of the value of the land as if paid contemporaneously at the time of taking. *Arkansas State Highway Comm'n* v. *Stupenti, supra.* However, were we to reverse the circuit court and mandate compound interest in this case, we would in effect be requiring that henceforth just compensation under the Arkansas Constitution include compound interest in land condemnation cases. We refuse to take such a dramatic step.

The fallacy of the statement is that the appellant has not asked us to "take such a dramatic step" because he has not asked this court to mandate that interest be compounded. Rather, he has quite properly asked that the trial court be reversed and "be given opportunity to fix the subject interest rate within the full range of prudent, locally-available investments in evidence. Interest on these investments should be evaluated *as it actually exists*, without artificial exclusion of any benefit of compounding." Reply Brief of Appellant at 14 (emphasis added). The appellant also asks that the case be remanded for the trial court to exercise its discretion on compounding, and the majority opinion for some unknown reason denies that relief.

The majority opinion holds that compound interest can be considered by trial courts, but affirms the trial court in this case even though it refused to consider the compounding of interest. If this precedent is followed, the result could be that on the same day a trial court in Fayetteville might refuse to consider awarding compound interest while a trial court in Jonesboro might award compound interest, and both would be approved by this court in this day of nationally competitive interest rates. The reason for

such a holding is that the majority opinion does not delve deeply into the applicable substantive law.

## II.

### Substantive Law

In *Seaboard Air Line Ry.* v. *United States*, 261 U.S. 299, 304 (1923), the United States Supreme Court explained that when private property is taken for public use, "[t]he compensation to which the owners is entitled is the *full and perfect* equivalent of the property taken. . . . [This] means substantially that *the owner shall be put in as good position pecuniarily as he would have been if his property had not been taken.* [Citations omitted. Emphasis added.]" The award must be a full and fair reimbursement. *Id.* at 306. Another decision suggests acceptance of the principle that constitutionally proper interest must reflect market conditions. In *Kirby Forest Indus., Inc.* v. *United States*, 467 U.S. 1, 10-11 (1984), the Court affirmed that interest is compensation for the delay between the taking and payment, necessary to place the landowner "in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation. *Phelps* v. *United States*, 274 U.S. 341, 344 and *Seaboard Air Line R. Co.* v. *United States*, 261 U.S. 299, 306 (1923)." The Court stated that in cases such as the one at bar, where the government obtains title and possession before a final condemnation judgment is rendered, the landowner is constitutionally entitled to *interest on any delayed payment "sufficient to ensure" a monetary position as favorable to him as if payment and taking had coincided. Kirby Forest Indus., Inc.*, 467 U.S. at 10. In a footnote, the court explained that this principle of "full and perfect" financial equivalency "underlies several decisions by Courts of Appeals, holding that the six percent rate of interest prescribed by [the federal condemnation statute] is not a ceiling on the amount that can *and must* be paid by the Government. [Emphasis added.]" *Id.* at 11 n. 16.

In *Arkansas State Highway Comm'n* v. *Stupenti*, 222 Ark. 9, 13, 257 S.W.2d 37, 40 (1953), we said, "Just compensation means full compensation," and additionally quoted from *Jacobs, et al.* v. *United States*, 290 U.S. 13 (1933) as follows:

The owner is not limited to the value of the property at

the time of the taking; 'he is entitled to such addition as will produce the *full equivalent of that value paid contemporaneously with the taking.'* Interest at a proper rate 'is a good measure by which to ascertain the amount so to be added.'

In *Arkansas State Highway Comm'n* v. *Vick,* 284 Ark. 372, 375, 682 S.W.2d 731, 732 (1985), we said, "As a matter of just compensation and due process under the federal and state constitutions, a landowner cannot be denied interest on the unpaid part of the award during the time he is deprived both of the use of the land and of the money representing its value."

During the period in which the government has taken possession of the land but has not paid an amount representing its full value, eleven years in this case, the landowner becomes "an involuntary lender to a debtor he would often prefer not to have." *Redevelopment Agency of the City of Burbank* v. *Gilmore,* 700 P.2d 794, 806 (Cal. 1985). That involuntary lender is forced to loan an uncertain amount of principal to an uncertain date of maturity. As this case turned out, the landowner had involuntarily loaned the City of Fayetteville $28,900.00 for a period of eleven years. If the interest on that involuntary principal is not compounded then "as the unpaid interest accumulates, the accumulated interest is the equivalent of an interest-free loan." *Borough of Wildwood Crest* v. *Smith,* 563 A.2d 73, 75 (N.J. Super. 1988). We have said that the landowner "cannot be denied interest on the unpaid part of the award during the time he is deprived both of the use of the land and of the money representing its value." *Arkansas State Highway Comm'n* v. *Vick,* 284 Ark. at 375, 682 S.W.2d at 732. Yet, there is no doubt that a landowner is deprived of interest on the unpaid part of the principal when he is forced to give an interest-free loan on the accumulated interest.

Another way of demonstrating the unfair and erroneous holding of the majority opinion is as follows. The City of Fayetteville deposited $100.00, which allegedly represented the market value of the land at the time it took possession. The landowner could deposit that money at an average rate of 9.25%, and at the end of the first year, he would have had $109.25. He could have then deposited $109.25 and earned interest and compounded it the same way for the full eleven years. It is

undisputed that each of the local financial institutions compounded depositors' interest. However, because the City did not deposit the remaining $28,900.00 of market value, the landowner is deprived of the benefit of compounded interest on that amount. Yet, it is without question that the landowner is constitutionally entitled to sufficient interest on any delayed payment to place him *"in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation." Kirby Forest Indus., Inc.* v. *United States,* 467 U.S. at 10 (emphasis added).

As previously set out, the compensation constitutionally due is the "full and perfect" *monetary equivalent* of the fair market value of the condemned property dating back to the time of taking. Under the federal and state constitutions, interest is an element of this just compensation, and its computation becomes a task of the trial court. Most of the modern cases authorize the trial courts to find the rate which would have been earned by a reasonably prudent person investing funds so as to produce a reasonable return while maintaining safety of principal. *See Redevelopment Agency of the City of Burbank* v. *Gilmore,* 700 P.2d at 804, for a listing of cases to that date, and see also *Lea Co.* v. *North Carolina Bd. of Transport.,* 345 S.E.2d 355, 360 (N.C. 1986), for an additional listing. "Since a prudent investor would diversify his interest portfolio, . . . the trial court should consider prevailing rates, during the period of delay, for investments of varying length and risk. Typically, these have included short, medium, and long-term government and corporate obligations." *Redevelopment Agency of the City of Burbank* v. *Gilmore,* 700 P.2d at 804. In general, the trial court would examine, upon proof by the parties, the rates prevailing during the period a condemnation payment was delayed for all forms of money-market obligations available in the local area, including governmental and private, that prudent depositors and investors normally purchase for income purposes, and whose terms or maturities fall within the period of delay. Here, there was testimony that there were banks, savings and loans, investment bankers, and securities institutions in Fayetteville, and they had available local certificates of deposit, secondary market certificates of deposit, government securities, and corporate bonds rated AAA, or very safe bonds. Many published services accurately track money-market

trends. Examples include the publications of Moody's Investors Service and the comprehensive monthly Federal Reserve Bulletin. The United States Court of Claims has utilized Moody's Composite Index of Yields on Long Term Corporate Bonds. *Georgia-Pacific Corp.* v. *United States*, 640 F.2d 328 (1980). In *Lea Co.* v. *North Carolina Bd. of Transport., supra*, the trial court looked at the prime rates, prime commercial paper, long term U.S. Bonds, AAA rated utility bonds, and federally insured notes and mortgages.

Some courts, in determining the factors to be considered in setting the rate of interest, have considered the cost of money to the governmental entity taking the land. *See United States* v. *Blankenship*, 543 F.2d 1272 (9th Cir. 1976). However, the government's cost of borrowing, as such, simply is not relevant to determining the amount necessary to restore the landowner to a monetary position as favorable to him as if the payment and taking had coincided.

This cases should be reversed and remanded, and the trial court should be given instructions to let the truth of the marketplace determine the monetary equivalent of the condemned property. The majority opinion does not so hold, and accordingly, I dissent.

HOLT, C.J., and NEWBERN, J., join in the dissent.

SUPPLEMENTAL OPINION ON REHEARING
NOVEMBER 2, 1992.

838 S.W.2d 366

*Stanley, Harrington & Mars*, by: *Roy E. Stanley*, for appellant.

*James N. McCord*, for appellee.

ROBERT H. DUDLEY, Justice. We grant rehearing in this case. The facts are as follows. In 1977, appellee the City of Fayetteville condemned a tract of appellant Wilson's land, took possession of it, and deposited $100.00 into the registry of the trial court as the amount necessary to make compensation. Over eleven years later, in 1988, the condemnation case was heard, and a jury fixed the value of $29,000.00 for the land taken. The trial court entered judgment for the $29,000.00, less the $100.00 deposit, but refused to award pre-judgment interest. The City appealed the amount of the award, and Wilson cross-appealed the trial court's refusal to award pre-judgment interest. The court of appeals, in an unpublished opinion handed down on November 15, 1989, affirmed the award of $29,000.00 on direct appeal, but on cross-appeal reversed the failure to award pre-judgment interest and remanded the case "for a determination of 'a proper rate' of interest from the time of taking until judgment." Upon remand to the circuit court, the City conceded that "post-judgment interest should accrue on the pre-judgment interest

award as well as on the jury award," but contended that pre-judgment interest is limited by the Constitution of Arkansas to a rate of six percent. *See* Ark. Const. art. 19, § 13. The circuit court correctly ruled that the six percent limitation did not limit Wilson's state and federal constitutional rights to recover just compensation. *See Arkansas State Highway Comm'n* v. *Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985). However, the circuit court also held that it could not award compound interest. In its letter opinion the trial court wrote:

> Some question has also arisen as to whether or not the interest is to be compounded or if it is to be simple interest. In the *Vick* case, *supra*, the Supreme Court allowed ten percent *simple* interest. Therefore, . . . they have spoken on the issue and have only allowed simple interest.

The trial court's order recites: "Based upon the holding in *Vick, supra*, the Court finds that such prejudgment rate of interest should be computed as simple interest without compounding."

Wilson appealed the circuit court's ruling that it could not award compound interest, and the court of appeals certified the case to this court because it involves both a constitutional issue and a matter of significant public interest. The original majority opinion this court handed down held that the circuit court should have considered awarding compound interest, but did not remand the case for a consideration of such award. We now remand for such a consideration.

■ Under the Fifth Amendment and the Due Process Clause, interest is an element of just compensation, and just compensation is for the trier of fact to determine. The Court of Claims in *Miller* v. *United States*, 620 F.2d 812, 837 (Ct. Cl. 1980) wrote:

> "Just compensation" in the Constitutional sense has been held to include interest for the delay in payment from the date of taking to the date of payment. *Albrecht* v. *United States*, 329 U.S. 599, 602, 67 S. Ct. 606, 608, 91

L.Ed. 532 (1947); *Seaboard Air Line Ry.* v. *United States,* 261 U.S. 299, 43 S. Ct. 354, 67 L.Ed. 664 (1923). Where there has been an appropriation of private property for public use within the meaning of the fifth amendment, "the right to interest or a fair equivalent, attaches itself automatically to the right to an award of damages." *Shoshone Tribe* v. *United States,* 299 U.S. 476, 497, 57 S. Ct. 244, 251, 81 L.Ed. 360 (1937). The determination of just compensation, including the proper rate of interest, is basically a question of fact. *United States* v. *100 Acres of Land,* 468 F.2d 1261 (9th Cir. 1972), *cert. denied,* 414 U.S. 822, 864, 94 S. Ct. 119, 137, 38 L.Ed.2d 54, 84 (1973).

*See also, Tony Guiffre Distrib. Co.* v. *Washington Area Transit Auth.,* 740 F.2d 295 (4th Cir. 1984); *United States* v. *174.12 Acres,* 671 F.2d 313 (9th Cir. 1982); *United States* v. *Blankenship,* 543 F.2d 1272 (9th Cir. 1976); and *United States* v. *100 Acres,* 468 F.2d 1261 (9th Cir. 1962), *cert. denied* 414 U.S. 822 (1973).

In *Arkansas State Highway Commission* v. *Vick,* 284 Ark. 372, 682 S.W.2d 731 (1985), we expressly held that the just compensation due a landowner in a condemnation case could not be limited by state law. In that particular case, the limitation was by a statute, Ark. Code Ann. § 27-67-316(e)(1) (1987), which provides for six percent interest in condemnation cases. We wrote:

> The landowners' position in the case at bar is right. As a matter of just compensation and due process under the federal and state constitutions, a landowner cannot be denied interest on the unpaid part of the award during the time he is deprived both of the use of the land and of the money representing its value. *Housing Authority of the City of Little Rock* v. *Rochelle,* 249 Ark. 524, 530 S.W.2d 794 (1970); *Ark. State Hwy. Comm'n* v. *Stupenti,* 222 Ark. 9, 257 S.W.2d 37 (1953). In *Stupenti* we quoted from a Supreme Court case holding that the landowner is not limited to the value of the property at the time of the

taking; he is also entitled to such an addition as will produce the full equivalent of the value as if paid contemporaneously with the taking. Interest "at a proper rate" was held to be a good measure by which to ascertain the amount to be added. *Jacobs* v. *United States*, 290 U. S. 13 (1933). Since a constitutional right is involved, the interest rate to be allowed may exceed that specified by statute. *Redevelopment Agency of City of Burbank* v. *Gilmore*, 198 Cal. Rptr. 304 (Cal. App. 2 Dist. 1984); *State by Spannaus* v. *Carney*, 309 N.W.2d 775 (Minn. 1981); *Edwareds* v. *Ark. Power & Light Co.*, 638 F.2d 1149 (8th Cir. 1982), Arnold J., concurring.

284 Ark. at 375, 682 S.W.2d at 732.

Thus, it is clear that interest is an element of the just compensation required to be paid in condemnation cases, and, under the Fifth Amendment and the Due Process Clause of the United States Constitution, it is to be determined by the trier of fact.

■ In *Seaboard Air Line Ry.* v. *United States*, 261 U.S. 299, 304 (1923), the United States Supreme Court explained that when private property is taken for public use, "[t]he compensation to which the owner is entitled is the *full and perfect* equivalent of the property taken. . . . [This] means substantially that the *owner shall be put in as good position pecuniarily as he would have been if his property had not been taken.* [Citations omitted. Emphasis added.]" The award must a full and fair reimbursement. *Id.* at 306. Another decision suggests acceptance of the principle that constitutionally proper interest must reflect market conditions. In *Kirby Forest Indus., Inc.* v. *United States*, 467 U.S. 1, 10-11 (1984), the Court affirmed that interest is compensation for the delay between the taking and payment, necessary to place the landowner "in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation. *Phelps* v. *United States* 274 U.S. 341, 344 and *Seaboard Air Line R. Co.* v. *United States*, 261 U.S. 299, 306 (1923)." The Court stated that in cases such as the one at bar, where the government obtains title and possession

before a final condemnation judgment is rendered, the landowner is constitutionally entitled to *interest on any delayed payment "sufficient to ensure" a monetary position as favorable to him as if payment and taking had coincided. Kirby Forest Indus., Inc.,* 467 U.S. at 10 (emphasis supplied). In a footnote, the court explained that this principle of "full and perfect" financial equivalency "underlies several decisions by Courts of Appeals, holding that the six percent rate of interest prescribed by [the federal condemnation statute] is not a ceiling on the amount that can *and must* be paid by the Government. [Emphasis added.]" *Id.* at 11 n. 16.

During the period in which the government has taken possession of the land, but has not paid an amount representing its full value, eleven years in this case, the landowner becomes "an involuntary lender to a debtor he would often prefer not to have." *Redevelopment Agency of the City of Burbank v. Gilmore,* 700 P.2d 794, 806 (Cal. 1985). The involuntary lender is forced to loan an uncertain amount of principal to an uncertain date of maturity. As this case turned out, the landowner involuntarily loaned the City of Fayetteville $28,900.00 over a period of eleven years. If the interest on that involuntary principal is not compounded, then "as the unpaid interest accumulates, the accumulated interest is the equivalent of an interest-free loan." *Borough of Wildwood Crest v. Smith,* 563 A.2d 73, 75 (N.J. Super. 1988). We have said that the landowner "cannot be denied interest on the unpaid part of the award during the time he is deprived both of the use of the land and of the money representing its value." *Arkansas State Highway Comm'n v. Vick,* 284 Ark. at 375, 682 S.W.2d at 732. Yet, the landowner might be deprived of interest on the unpaid part of the principal if he were forced to make an interest free loan on the accumulated interest.

Here, the trier of fact should have been allowed to consider that the City of Fayetteville deposited $100.00 which supposedly represented the market value of the land at the time the City took possession. According to the proof, the landowner could deposit that $100.00 at an average rate of 9.25%, and at the end of the first year, he would have had $109.25. He could then

deposit the $109.25 and earn interest, and, in turn, compound it the same way for the full eleven years. It is undisputed that each of the local financial institutions compounded depositors' interest. If the City had deposited the remaining $28,900.00 at the time of taking the landowner could have compounded it just as he might have done with the $100.00. However, simply because the City did not deposit the remaining $28,900.00, the landowner should not be deprived of the benefit of the compound interest on that amount. Compounding of interest should be considered in any formula that would place the landowner *"in as good a position pecuniarily as he would have occupied if the payment had coincided with the appropriation." Kirby Forest Indus., Inc.* v. *United States*, 467 U.S. at 10 (emphasis added).

Reversed and remanded for the trier of fact to consider whether compound interest is necessary to afford "just compensation."

HAYS, GLAZE, and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. The majority has reversed itself and now remands the matter to the "trier of fact" to reconsider the compound-interest question. By its second remand, the majority sends the unmistakable message that henceforth prejudgment interest in condemnation cases should be compounded to afford "just compensation." I cannot agree with that decision.

On October 11, 1988, the jury awarded appellant Wilson $29,000 for a triangular piece of land taken by the City of Fayetteville. The trial court denied prejudgment interest. Wilson appealed to the court of appeals on the prejudgment-interest point, and that court reversed the decision and remanded to the trial court for a determination of a proper rate of interest.

The trial court conducted a hearing, received evidence, heard arguments, and made its decision to award prejudgment interest of $30,718.32 as of October 11, 1988, which was more than the value of the land awarded by the jury. In doing so, the court denied compound interest and awarded only simple inter-

est. It then averaged local CD rates to arrive at the appropriate rate and the resulting $30,718.32. The total award to Wilson as of October 11, 1988, became $59,618.32.

The majority apparently still agrees with the original decision of this court affirming the trial court in its decision that average CD rates in the area comprise the proper rate of interest. It remands solely for the purpose of deciding whether that rate should be compounded to afford just compensation. Who should decide the compound interest question? The opinion states that the trier of fact should, presumably a jury unless waived by the parties. The trial court, of course, has already considered the prejudgment-interest issue twice. Wilson would have nothing to lose by requesting a jury determination.

At the hearing, the trial court rules as follows on the compound interest question:

> Now, we had one issue [which] was whether or not he is entitled to simple or compound interest. I ruled in a letter opinion February 7th that based upon the *Vick* case, cited at 284 Ark. 372, the Supreme Court used the words "simple interest" in that case, although they were not specifically addressing that issue. But based upon that language, in my opinion, simple interest is the way to figure the interest and not compounding it. Your objections to that will be noted, Mr. Stanley, on Mr. Wilson's behalf.

The court looked to *dictum* in *Arkansas State Highway Comm'n v. Vick*, 284 Ark. 372, 682 S.W.2d 731 (1985) for guidance and made a decision not to compound interest.

We have held that the award of prejudgment interest is a matter of law, and there is no right to trial by jury on the issue. *USAA Life Ins. Co. v. Boyce*, 294 Ark. 575, 745 S.W.2d 136 (1988); *Hopper v. Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983); *Wooten v. McClendon*, 272 Ark. 61, 612 S.W.2d 105 (1981). The trial judge in this case followed the law. Nowhere in our statutes or constitution is compound interest authorized. Indeed, the converse is true since both the statutes and constitu-

tion speak in terms of a six-percent-per-annum rate. Ark. Const. art. 19, § 13; Ark. Code Ann. § 27-67-316 (1987). In *Arkansas State Highway Comm'n* v. *Vick, supra*, we said that since a constitutional right was involved, the interest rate could exceed that specified by statute, and we allowed ten percent simple interest. We have never approved compound interest in condemnation cases. Before compound interest can be considered in determining a proper rate of interest for just compensation, there should be legislative authority for doing so. It represents a significant change.

The majority opinion decides that the award of compound interest is an issue of fact for the factfinder to decide and sends a clear signal that compound interest is appropriate. In doing so, it gives Wilson a third bite at the apple and reverses the trial court's decision which was one of law and which followed our decision in *Vick* v. *Arkansas Highway Comm'n, supra.*

This decision sets us on a new and expensive course. I would deny the petition.

HAYS and GLAZE, JJ., join.